293 So.2d 111 (1974)
Homer Ronald EARNEST, Appellant,
v.
STATE of Florida, Appellee.
Nos. S-469, S-470.
District Court of Appeal of Florida, First District.
April 18, 1974.
Hamilton D. Upchurch, of Upchurch & Upchurch, St. Augustine, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
Appellant seeks review and reversal of the denial of his motion to suppress evidence which he contends was the fruit of an unreasonable search of his boat. His right to appeal was reserved by him prior to pleading nolo contendere to charges of possession of narcotic and hallucinogenic drugs for which adjudication of guilt was withheld and appellant was placed on probation for five years.
The only issue now before us is whether or not appellant's constitutional rights were violated by an unreasonable search of his boat by a United States customs official. We answer this question affirmatively, and therefore reverse the order denying appellant's motion to suppress evidence.
The facts relevant to the point on appeal are not in dispute. On December 9, 1970, appellant was residing upon his twenty-five *112 foot pleasure boat which was docked at the St. Augustine Municipal Yacht Pier. He had apparently arrived in St. Augustine from the north along the inland waterway the previous day. At about noon on December 9th, a customs port investigator of the United States Customs Service arrived at the Pier as a result of a call from the dock master who had told the customs agent that several persons had been visiting appellant's boat during the night and that it was suspected that the occupants might be selling narcotics or that narcotics might be aboard. The customs official thus went to the appellant's vessel, identified himself and announced his intention to search the boat, stating that his badge was all the warrant he needed. Thereafter, a search took place. Drugs were found on the boat and a small wooden box was pushed overboard by appellant during the search. Said box containing a small quantity of marijuana was subsequently retrieved.
Appellant was arrested and charged with the possession of L.S.D. and cannabis. As noted above, his motion to suppress the evidence was denied and he later plead nolo contendere to the charges against him, reserving the right to appeal from the order denying his motion to suppress. Adjudication of guilt was withheld and appellant was placed on probation for five years on each of the counts, the sentences to run concurrently.
We agree with the appellant's contentions that the custom agent's actions did not constitute a lawful border search, that no probable cause or search warrant existed at the time the boat was searched, and that therefore the search was unreasonable and unlawful.
Here, appellee contends that the instant search was a border search within the contemplation of 19 U.S.C. § 1581, which expressly authorizes customs officers to make true border searches of vehicles, vessels and persons without probable cause. However, the record on appeal herein is devoid of any evidence that appellant's vessel was travelling inbound or outbound from a port of entry or an international border checkpoint or that appellant's vessel was carrying cargo from a foreign port into the United States. The customs agent was called while appellant was lawfully within the country and using the public waterways. As was stated in 1925 by the United States Supreme Court in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543,
"... those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official, authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise."
Although a border search may be geographically "extended," it must be shown that the defendant's vehicle, vessel or person, at some recent point of time, crossed a border and, at that time, aroused some suspicion. See Marsh v. United States, 344 F.2d 317 (5th Cir.1965). Here, appellant had never been observed by any customs personnel at any checkpoint or point of entry into the Continental United States. Hence, the State's effort to classify the instant search as a border search is to stretch the right of border searches beyond the breaking point. And as was so aptly stated by Chief Judge Brown in United States v. Storm, 480 F.2d 701 (5th Cir., 1973), "a badge and a hat are not impregnable talismans merely because of the elasticity of our Nation's perimeter," and
"Where there is no indication or record basis for believing that the vehicle has recently crossed the border or been in contact with those who have, however, mere proximity to it will not suffice. The circumstances surrounding the search must give rise to a `reasonable suspicion' that an offense has been committed or that a forbidden person or substance is hidden." 480 F.2d at 704.
*113 Here, there was no evidence of a border crossing by appellant or his vessel, no evidence that appellant had been in contact with those who had crossed the border and no evidence that appellant's vessel contained unauthorized aliens or contraband. The customs official had no warrant authorizing the search and no knowledge whatsoever of illegal activity on the part of appellant. The only activity reported was the dock master's assertion that several persons had been seen visiting the boat during the night. Hence, we feel and so hold that the search herein failed to fit within the aegis of the "border search" exception to the Fourth Amendment's warrant and probable cause requirements. The evidence produced by the unlawful search should have been suppressed pursuant to appellant's motion. See Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed. 596 (1973) and United States v. Byrd, 483 F.2d 1196 (5th Cir., 1973).
We are not persuaded to the contrary by appellee's contentions that the instant search was conducted pursuant to the lawful consent of appellant or that a part of the evidence obtained was admissible because it had been abandoned by appellant. It is apparent from the transcript of testimony that appellant did not voluntarily consent to the search, but only indicated that he was not going to resist the search after the customs official announced his intention to search the vessel and stated that his badge was all the warrant he needed. As to the "abandonment" contention, it is clear that the seizure of the wooden box pushed overboard by the appellant was a consequence of the original illegal search which had commenced before the box was kicked into the water. Hence, it too should have been suppressed as evidence under the principles of law enunciated in Kraemer v. State, 60 So.2d 615 (Fla. 1952). In the cases cited by appellee for the proposition that evidence is admissible if it has been abandoned by the appellant, the seizure was made prior to or without any illegal search having been begun. This is not the situation herein.
The search herein not being a "border search" and not being based upon a warrant or probable cause, the trial court committed reversible error in denying appellant's motion to suppress.
Reversed and remanded for a new trial.
SPECTOR, Acting C.J., and BOYER, J., concur.