390 So.2d 756 (1980)
Michael MONAHAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-33.
District Court of Appeal of Florida, Third District.
November 4, 1980.
Rehearing Denied December 22, 1980.
Markus & Winter and Laurie S. Silvers, Miami, for appellant.
*757 Jim Smith, Atty. Gen., and Susan Minor, Asst. Atty. Gen., for appellee.
Before HENDRY and SCHWARTZ, JJ., and CHAPPELL, BILL G., Associate Judge.
CHAPPELL, BILL G., Associate Judge.
Monahan appeals his conviction following a trial before the Court without a jury and challenges the denial of a motion to suppress tangible evidence, to-wit: cocaine, seized without a warrant.
Officers McGavock and Magdalena of the Dade County Public Safety Department were on duty at Miami International Airport randomly looking for persons who matched the "drug courier profile." Monahan was first observed just before he entered the terminal building and surveillance continued while he checked a bag and started walking to the concourse. The officers walked up beside him and asked Monahan if they could talk to him. Monahan agreed, and upon the officers' request, he produced his driver's license and his airline ticket, both bearing his name. Detective Magdalena stated that they were concerned that the contents of his luggage might contain narcotics and asked Monahan if he would object to their looking in his luggage. He replied that he didn't mind the officers looking, but he had already checked the larger bag with the airline. Officer McGavock testified that Monahan said it would be all right to go get the bag from the airline which Defendant denied. The tote bag being carried by Monahan was searched and Detective Magdalena appeared with the suitcase he retrieved from the airline. Monahan denied that the suitcase was his whereupon the officers informed Monahan that he was being detained, advised him of his rights and handcuffed him. The officers advised Monahan that they intended looking into the suitcase, considering it to be abandoned property. They transported Monahan to the police station at the west side of the airport where the suitcase was forced open and found to contain packets of cocaine.
It is not necessary in this case to review the cases on temporary "drug courier profile" stops in airports.[1]
The initial stop of Monahan was based solely on the observation that he was looking around before entering the terminal building and continued to do so while checking his suitcase. The officers had nothing more than bare suspicion which, without his consent, would not have constituted a reasonable basis for the seizure of his person.[2]
Monahan produced identification which coincided with the name on his airline ticket, and he consented to a fruitless search of the tote bag which he was carrying. Subsequently, he was placed under arrest when he disclaimed ownership of the suitcase retrieved from the airline by Officer Magdalena. At this point, the officers based their actions only upon Monahan's nervousness and a lack of consent to search the suitcase, obviously insufficient to establish probable cause for the arrest, thus making the arrest invalid. Evidence seized as a result of such illegal arrest should have been suppressed.
The State argues that Monahan abandoned the suitcase when he disclaimed ownership, thereby justifying its search without the necessity of a warrant. Under the facts and circumstances of this case, we find no merit to the argument that the suitcase was "abandoned" property. See, Reid v. Georgia, ___ U.S. ___, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980); Earnest v. State, 293 So.2d 111 (Fla. 1st DCA 1974).
The judgment is therefore reversed and the cause is remanded with directions to discharge the Defendant.
Reversed and remanded.
NOTES
[1] Royer v. State, 389 So.2d 1007 (Fla. 3d DCA 1980) and cases cited therein.
[2] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Mullins v. State, 366 So.2d 1162 (Fla. 1978).