412 So.2d 24 (1982)
STATE of Florida, Appellant,
v.
Edward James BROWN, Appellee.
No. 81-1385.
District Court of Appeal of Florida, Fourth District.
March 31, 1982.
Rehearing Denied April 21, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellant.
Miguel Del Aguila, Miami, for appellee.
DOWNEY, Judge.
The State of Florida seeks reversal of an order granting appellee's motion to suppress evidence resulting from a luggage search at an airport.
The facts found by the trial judge are set forth in his order as follows:
"1. Both Defendant and Daniel Stuart entered the Fort Lauderdale Airport together at 9:40 P.M., on January 26, 1981. Daniel Stuart paid cash for both roundtrip tickets from Fort Lauderdale to Chicago and returning back within 12 hours. The Defendant checked in his luggage with the ticket agent. Mr. Stuart retained a shoulder bag on his person.
2. As both suspects proceeded through the concourse, Agent Capone and Brennan approached them and identified themselves as Sheriff's Deputies.
3. Agent Brennan asked both suspects if they `had a minute to talk' when both suspects cooperated.
4. The State's testimony revealed that both suspects consented to a search of their luggage. However, since Mr. Stuart's testimony was in direct conflict, the Court resolved such dispute in favor of the Defendant, in *25 that the Defendant was silent as to such consent.
5. Both suspects voluntarily entered a nearby storage room for a luggage search after being asked if they `wouldn't mind' going into the room.
6. Once both suspects entered the room a suitcase was retrieved from the airlines and brought into the room. At that point, both the defendant and Mr. Stuart denied ever possessing or owning such luggage.

7. The suitcase was forced open by Deputies and approximately 2.2 lbs. of Cocaine was found therein." (Emphasis added.)
Based upon those findings the trial judge held that Brown had standing to contest the search. He also found any consent given by Brown was involuntary. Thereupon, relying upon Monahan v. State, 390 So.2d 756 (Fla. 3d DCA 1980), the trial court suppressed the contraband found in the suitcase in question.
The State contends that the trial court erred when it found that appellee had a legitimate expectation of privacy in luggage he abandoned. We agree with that contention.
Our study of the briefs and record causes us to conclude that Monahan is not apposite. The reversal in that case was based primarily on the fact that the police had insufficient probable cause to make an arrest; therefore, the seizing of the contraband following Monahan's illegal arrest made the contraband subject to suppression. In the case at bar, there was no illegal arrest. Brown and his cohort consented to entering a nearby storage room for a luggage search. When the suspect suitcase was brought into the room Brown and his companion each announced it did not belong to him. A search of the suitcase produced cocaine.
If Brown had admitted ownership of the suitcase but refused to consent to a search, he would have had standing to question the search, i.e., he would have had a legitimate expectation of privacy as to the suitcase. However, when Brown denied ownership thereof, he had no standing to question the search, i.e., he abandoned any legitimate expectation of privacy in the suitcase. United States v. Colbert, 474 F.2d 174 (5th Cir.1973); United States v. Miller, 589 F.2d 1117, 1131 (1st Cir.1978); United States v. Canady, 615 F.2d 694 (5th Cir.1980), cert. denied 449 U.S. 862, 101 S.Ct. 165, 66 L.Ed.2d 78; United States v. Veach, 647 F.2d 995 (9th Cir.1981).
Accordingly we hold the trial court erred in granting the motion to suppress. Therefore, the order appealed from is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED, with directions.
HERSEY and HURLEY, JJ., concur.