592 So.2d 1099 (1990)
The STATE of Florida, Appellant,
v.
Antonio PEREZ, Appellee.
No. 89-2024.
District Court of Appeal of Florida, Third District.
May 15, 1990.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellee.
Before HUBBART, COPE and LEVY, JJ.
COPE, Judge.
The State appeals an order suppressing a handgun seized by the police. We reverse.
Two uniformed City of Miami police officers were on patrol in an area known to be high in narcotics activity. They observed Perez and another male, who appeared to be passing an object between them. Believing that the two might be engaging in a narcotics transaction, one officer exited the police car and started to walk toward Perez. He either told Perez to freeze, or to stop. Perez fled on foot and the officer chased him. Perez ran into an alley while pulling something from his waistband. The officer heard a loud, metallic noise of something dropping in the alley. The officer caught Perez who, after being given Miranda warnings,[1] volunteered that he became nervous and ran "because he knew the gun that he had was stolen." A revolver was recovered in the alley. Perez was charged with carrying a concealed firearm and carrying a concealed firearm by a convicted felon. See §§ 790.01, 790.23, Fla. Stat. (1987).
Perez moved to suppress the firearm and the statement he made to the officers. The trial court concluded, and the State concedes, that the police officers did not have a founded suspicion which would support an investigative stop of the defendant under section 901.151, Florida Statutes (1987). The court granted the motion to suppress on the authority of Monahan v. State, 390 So.2d 756 (Fla. 3d DCA 1980), review denied, 399 So.2d 1146 (Fla. 1981), and Spann v. State, 529 So.2d 825 (Fla. 4th DCA 1988), reasoning that the abandonment of the firearm in the alleyway was a product of the officers' effort to make an illegal stop.
The present case is controlled by State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla. 1980). There, the court stated:
"Admittedly, the cases here are in some conflict, but the weight of authority is that a person's otherwise voluntary abandonment of property cannot be tainted or made involuntary by a prior illegal police stop of such person. ... Only when the police begin to conduct an illegal search can a subsequent abandonment of property be held involuntary as being tainted by the prior illegal search ... and even that result may vary depending on the facts of the case."
Id. at 1335-36 (citations omitted). Since the present case involved an illegal stop, *1100 not an illegal search, the police were entitled to seize the revolver as abandoned property and the motion to suppress it should have been denied.
The trial court's reliance on Monahan v. State is misplaced. In Monahan the police officers were involved in an illegal search, having already examined one of Monahan's two pieces of luggage. Upon being informed that the officers intended to search a second piece of luggage, Monahan disclaimed that he owned it. Our court held that in those circumstances the suitcase could not be deemed abandoned property. 390 So.2d at 757. Monahan did not cite or discuss Oliver, but one of the two cases cited in Monahan, Earnest v. State, 293 So.2d 111 (Fla. 1st DCA 1974), is treated in Oliver as one of the group of cases holding that an abandonment of property is involuntary where it is tainted by a prior illegal search.
Perez argues that Monahan is irreconcilably in conflict with Oliver. There is dictum in Monahan which can be so read, for the opinion states, in part, "Evidence seized as a result of such illegal arrest should have been suppressed." Id. at 757. On its facts, however, Monahan involved an illegal search and is consistent with the analysis set forth in Oliver. We harmonize the two cases by treating Monahan as a decision involving an abandonment tainted by a prior illegal search, see State v. Oliver, 368 So.2d at 1336, and by treating the quoted passage from Monahan as dictum.
The other authority relied on by the trial court was the fourth district's opinion in Spann v. State. That decision is factually similar to the present case. We certify that our decision is in conflict therewith.
We reverse that part of the trial court's order which suppressed the firearm and remand for further proceedings consistent herewith.[2]
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The State has not appealed that part of the trial court's order which suppressed the defendant's post-Miranda statement.