562 So.2d 400 (1990)
A.G., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2310.
District Court of Appeal of Florida, Third District.
June 5, 1990.
*401 Bennett H. Brummer, Public Defender, and Robin W. Faber, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before COPE, LEVY and GODERICH, JJ.
PER CURIAM.
A.G. pled no contest to the petition for delinquency, reserving his right to appeal denial of his motion to suppress. We affirm.
Police officers observed A.G. and another male exchange money outside a grocery store. Suspecting that they were observing a drug transaction, the officers attempted to detain A.G. and the other individual by shouting "police." A.G. threw down a paper bag and fled. The bag contained cocaine. A petition for delinquency was filed, charging A.G. with possession of cocaine with intent to sell. See § 893.13, Fla. Stat. (1987).
A.G. moved to suppress the cocaine, arguing that it was the product of an illegal stop, or attempted stop, by the police. The State conceded that the officers did not have a founded suspicion to support a stop under section 901.151, Florida Statutes (1987), but argued that there had been a voluntary abandonment of the bag by A.G. The trial court so ruled.
Based on the controlling and indistinguishable authority of State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla. 1980), and State v. Perez, 15 F.L.W. D1355, No. 89-2024, ___ So.2d ___ (Fla. 3d DCA May 15, 1990) (harmonizing Oliver with Monahan v. State, 390 So.2d 756 (Fla. 3d DCA 1980), review denied, 399 So.2d 1146 (Fla. 1981)), we affirm. As we did in Perez, we certify express and direct conflict with Spann v. State, 529 So.2d 825 (Fla. 4th DCA 1988).
Affirmed.