579 So.2d 890 (1991)
Herbert L. BUTLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-939.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Bennett H. Brummer, Public Defender, and Carol J.Y. Wilson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
COPE, Judge.
Defendant Herbert Butler appeals his conviction for possession of cocaine, challenging denial of his motion to suppress. We affirm.
Two police officers observed defendant in an area known for narcotics transactions. The officers intended to question defendant but had no founded suspicion for an investigative stop under Florida's Stop and Frisk Law. See § 901.151, Fla. Stat. (1989). The officers halted their vehicle about ten feet away from defendant and got out. Before they said anything, defendant put his hand in his pocket, turned, and ran away. The officers chased him. Defendant threw down two zip-lock plastic baggies of cocaine. Defendant was caught and arrested. He pled nolo contendere, *891 reserving the right to appeal denial of the motion to suppress.
We affirm under the controlling and indistinguishable authority of California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). The Supreme Court ruled that no seizure of the person occurs for fourth amendment purposes where the subject flees, and that the abandonment of contraband in flight is therefore not a fruit of an unlawful seizure of the person. To that extent Hodari D. modifies the reasoning, though not the result, in State v. Perez, 15 F.L.W. D1355 (Fla. 3d DCA May 15, 1990), jurisdiction accepted, 570 So.2d 1305 (Fla. 1990), and State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla. 1980).
Affirmed.