PER CURIAM.
The trial court in this case suppressed cocaine seized as evidence. The officer stopped appellee without probable cause (conceded by the state). Appellee dropped the cocaine after the stop and after he was ordered to lie on the ground by the officer who had his gun pointed at appellee. We affirm based on Spann v. State, 529 So.2d 825 (Fla. 4th DCA 1988) as this is a “stop then drop case.” The state’s reliance on California v. Hodari, — U.S. —, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1990), which has been followed in Smith v. State, 579 So.2d 417 (Fla. 4th DCA 1991); McCord v. State, 578 So.2d 908 (Fla. 4th DCA 1991); and State v. Arnold, 579 So.2d 902 (Fla. 4th DCA 1991) is misplaced because those eases are all “drop then stop” cases.
However, we note express and direct conflict with State v. Oliver, 368 So.2d 1331 (Fla. 3rd DCA 1979) and State v. Perez, 15 F.L.W. 1355 (Fla. 3rd DCA May 15, 1990).
Affirmed.
LETTS, STONE and WARNER, JJ., concur.