589 So.2d 322 (1991)
Kenneth Anthony WADE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-295.
District Court of Appeal of Florida, First District.
October 8, 1991.
Rehearing Denied December 19, 1991.
Nancy A. Daniels, Public Defender, Steven A. Rothenburg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the state's motion for rehearing, withdraw our opinion filed August 15, 1991, and substitute the following opinion, affirming the trial court's denial of appellant Wade's motion to suppress evidence.
The record indicates that Wade was charged by information with one count of possession of cocaine and one count of possession of drug paraphernalia. Wade filed a motion to suppress the physical evidence, and an evidentiary hearing was conducted in November 1990. Deputy G.E. Cummings testified for the state that he was part of a drug task force that was assigned to the Hilltop Apartment complex in North Jacksonville after the manager of the complex complained about people selling crack cocaine near the basketball court. On September 26, 1990, several task force members, including Deputy Cummings and Sgt. Bohn, arrived at the complex from four different directions. As Cummings arrived, Bohn "came across the radio and said `Stop those guys right there.'" According to Cummings, he and Bohn were in the same line of sight at that point, both looking down a passageway between two buildings that led to the basketball court. Cummings testified that he "looked in the same direction he [Bohn] was looking and observed two individuals quickly walking out, looking behind them." Cummings testified that he approached the two individuals (appellant and Larry Magriff) and said, "Hold up, wait a minute." He then asked, "You got anything in your pockets?" Appellant said, "What do you want? I didn't do nothing," spun around quickly, reached into his pocket, and threw something toward *323 a nearby wall. The object, a Tylenol bottle, hit the wall and fell to the ground seven or eight feet from Cummings. When Cummings asked appellant what was in the bottle, appellant denied having thrown it. The bottle was found to contain crack cocaine, and appellant was arrested.
On cross-examination, Cummings admitted that Bohn had given no description of the individuals he ordered stopped and stated that he (Cummings) had approached appellant and Magriff based solely on Bohn's radio-transmitted order. According to Cummings, appellant and Magriff were free to leave at the time he approached them.
Magriff testified that when Cummings approached them, he told them to "get on the wall" and put their hands up, "then came and told us to empty our pockets." Both appellant and Magriff put their wallets down, then were frisked by Cummings. Magriff stated that he "didn't know" if he was free to leave at the time Cummings approached them, but said that he "wasn't going to walk away" because Cummings had threatened to use his gun if necessary.
The appellant testified that he and Magriff were walking through the complex when Cummings pulled up in his police car and said, "Y'all stop, get against, up against the wall," and threatened to shoot if they did not do so. Appellant did not feel free to leave at the time. Cummings then searched both appellant and Magriff and "after awhile he picked up something off the ground, which was a Tylenol bottle." Appellant denied that the bottle belonged to him.
There is obviously a dispute over what happened, thus presenting questions of fact for decision by the trial court. Construing the evidence and permissible findings most favorably to the state, as we must on this appeal, the trial court was justified in concluding that appellant removed the bottle from his pocket and threw it away when the police officers called out to him to stop. Even if we assume that the police officers did not have a founded suspicion to detain appellant, that fact does not warrant suppressing the physical evidence disclosed by appellant's deliberate act of throwing the bottle to the ground before he was physically searched by the officers. E.g. California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); Sears v. State, 585 So.2d 1020 (Fla. 5th DCA 1991); Curry v. State, 570 So.2d 1071 (Fla. 5th DCA 1990); State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla. 1980). Contra State v. Fortunato, 581 So.2d 651 (Fla. 4th DCA 1991); Anderson v. State, 576 So.2d 319 (Fla. 2d DCA 1991). We discern no jurisdictional conflict with the latter two decisions because we are constrained by article I, section 12, of the Florida Constitution to follow the Supreme Court's decision in Hodari.
AFFIRMED.
SHIVERS, ZEHMER and KAHN, JJ., concur.