PER CURIAM.
The state appeals an order suppressing from evidence a short-barreled shotgun and statements made by defendant, Stephen Green, while in custody. We reverse that portion of the trial court’s order suppressing the gun.
Police responded to a radio dispatch involving several black male juveniles, some of whom, according to the report, were attired in white T-shirts and black pants, and some in white T-shirts and blue pants. The boys were supposedly walking in an eastbound direction from 85 Street and 27 Avenue. In the general area, Officer Javier Rodriguez spotted the defendant, who was, in fact, wearing a white T-shirt and black pants. According to Rodriguez, the defendant appeared to him to be a juvenile. The officer observed a big bulge in the waistband of the Green’s pants. According to Rodriguez, he first saw Green on school property, after midnight. Rodriguez stopped the defendant and attempted to frisk him. Green immediately bolted away. *618 During the chase, the officer saw Green reach into his waistband, pull out a shotgun and toss it away. Following the defendant’s apprehension, the officer returned and retrieved the shotgun. Officer Jose Gonzalez responded to same BOLO. When Gonzalez first saw the defendant, he was running from Officer Rodriguez. Gonzalez joined the chase, but did not see the bulge, nor did he see the defendant toss the gun. Gonzalez did not see defendant on school property.
The trial court found that the defendant, who was actually twenty-three years of age, did not appear to be a juvenile. The court found that Gonzalez impeached Rodriguez about the type of clothing defendant was wearing and whether the defendant matched the BOLO description. The court concluded that by Rodriguez’ own statements, the T-shirt could not have been seen, since according to Rodriguez when he first observed Green he was wearing a jacket, which he only later discarded. Concluding that the BOLO description was general in nature and that the officers did not have a founded suspicion to justify their stop of defendant, the trial judge ordered the gun and defendant’s statements suppressed. See Ross v. State, 419 So.2d 1170 (Fla. 2d DCA 1982).
We agree with the state’s claim that the trial court erred in suppressing the shotgun. At the time the gun was abandoned, the defendant had not been seized. In California v. Hodari D., — U.S. -, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the supreme court ruled that no seizure of the person occurs for fourth amendment purposes where the subject flees, and that abandonment of contraband in flight is therefore not a fruit of an unlawful seizure of the person. Butler v. State, 579 So.2d 890 (Fla. 3d DCA 1991). A careful reading of the transcript of the instant suppression hearing reveals that the trial judge clearly understood that abandonment of the gun was at issue. Thus, since defendant was fleeing from the officer when he abandoned the gun, the gun is not considered a fruit of an unlawful seizure, and therefore, should not have been suppressed.
Accordingly, while we affirm that portion of the trial court’s order suppressing statements made by the defendant in custody, we reverse that part of the trial court’s order suppressing the gun from evidence. Affirmed in part, reversed in part, and remanded.
NESBITT and JORGENSON, JJ., concur.