PER CURIAM.
This is an appeal by the respondent, D.E., from an adjudication of delinquency and dispositional order for unlawful possession of cocaine which was entered below based on the respondent’s nolo contendere plea. In entering this plea, the respondent expressly reserved for appeal the denial of his pretrial motion to suppress the subject cocaine based on Fourth Amendment grounds. We affirm.
It is clear, based on this record, that the respondent abandoned the subject cocaine after fleeing from a police officer, but prior to being taken into custody by the officer. This being so, the abandonment of the subject cocaine by the respondent was not, as urged, the product of an illegal seizure of the respondent’s person, State v. Anderson, 591 So.2d 611, 613 (Fla.1992), because the defendant’s person was not seized by the police within the meaning of the Fourth Amendment at the time of the cocaine abandonment. The fact that the police officer had no probable cause to arrest the respondent and no reasonable suspicion to temporarily detain the respondent when the chase began cannot change this result because the respondent was not seized in the Fourth Amendment sense while being chased by the police officer. The respondent was seized in the Fourth Amendment sense only when the respon *575 dent was taken into custody; by that time, however, the cocaine had already been abandoned and consequently cannot constitute the fruit of the stop of the respondent. California v. Hodari D., — U.S.-, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); State v. Green, 601 So.2d 617 (Fla. 3d DCA 1992); State v. Hollinger, 596 So.2d 521 (Fla. 5th DCA 1992); State v. Wilson, 595 So.2d 1106 (Fla. 1st DCA 1992); Wade v. State, 589 So.2d 322 (Fla. 1st DCA 1991); Butler v. State, 579 So.2d 890 (Fla. 3d DCA 1991) (no seizure where officers got out of their car and before they said anything, the defendant fled).
Affirmed.