623 So.2d 458 (1993)
STATE of Florida, Petitioner,
v.
David BARTEE, Respondent.
No. 76960.
Supreme Court of Florida.
June 24, 1993.
Rehearing Denied September 9, 1993.
Robert A. Butterworth, Atty. Gen. and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender and Lawrence M. Korn, Asst. Public Defender, Tallahassee, for respondent.
KOGAN, Justice.
We have for review State v. Bartee, 568 So.2d 523 (Fla. 1st DCA 1990), in which the district court certified its decision as in direct conflict with State v. Perez, 592 So.2d 1099 (Fla. 3d DCA 1990), approved, 620 So.2d 1256 (Fla. 1993) and State v. Arnold, No. 89-1549 (Fla. 4th DCA Jan. 31, 1990), withdrawn, 579 So.2d 902 (Fla. 4th DCA 1991). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Police officers assigned to execute arrest warrants in a residential area encountered *459 respondent, Bartee, who was not named in a warrant. One of the officers approached Bartee and asked if he had seen a suspect who had fled after seeing the officer. The officer wore a bullet-resistant vest and a raid jacket with a sheriff's star pinned on it, and he carried a firearm that was covered by his raid jacket. Bartee pointed to a duplex, and said the suspect had gone into it. Bartee was very nervous, and very hesitant to talk to the officer. The conversation was brief, and when the officer stepped back slightly, Bartee ran. The officer then chased Bartee and told him to stop.
Bartee continued to run, followed by the officer. When the officer was approximately twenty yards from Bartee, he saw Bartee reach into his right pocket. At that point, the officer reached for his gun but did not draw it. He called out to Bartee, "Let me see your hands." The officer then observed Bartee discard a pill bottle as Bartee continued to run. He retrieved the bottle, determined that it contained crack cocaine, and radioed to a fellow officer to arrest Bartee for possession of cocaine.
Bartee moved to suppress the crack cocaine prior to trial. The judge found that the officer lacked cause to chase respondent or to order him to stop, and held that such acts constituted a seizure under the fourth amendment. The judge granted the motion to suppress the cocaine, finding that Bartee's subsequent act of throwing the contraband resulted from the officer's unlawful conduct.
On appeal, the First District Court of Appeal affirmed, reasoning that the abandonment of the contraband was the product of an involuntary act directly attributable to the unlawful stop. The court certified conflict with Perez and Arnold which held that a prerequisite to involuntary abandonment is the commencement of an illegal search prior to the abandonment.
This court recently approved Perez and disapproved the opinion under review based on the recent United States Supreme Court decision in California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). In Hodari D., respondent fled from the police, who gave chase. As the officer closed in on Hodari D., Hodari D. tossed away a small rock that later was determined to be cocaine. In the juvenile proceeding that ensued, the state conceded it had no reasonable suspicion to justify stopping Hodari D. The United States Supreme Court framed the issue as whether, at the time Hodari D. dropped the cocaine, he was seized within the meaning of the fourth amendment of the United States Constitution. Although the Court assumed that the police pursuit was a "show of authority" calling upon Hodari D. to halt, the Court held that Hodari D. had not been seized as contemplated by the fourth amendment at the time of the abandonment, since at this point in time, he had not been tackled or otherwise "submitted to the show of authority." Therefore, the recovery of the cocaine that had been abandoned while he was running was not the fruit of an unlawful seizure.
Under the rationale in Hodari D., the chase and call for Bartee to stop did not constitute a seizure. Therefore the abandonment of the cocaine was not the fruit of the poisonous tree and the evidence should not have been suppressed. We quash the decision below, and remand for further proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES and HARDING, JJ., concur.
SHAW, J., dissents.