640 So.2d 136 (1994)
Alonzo L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2812.
District Court of Appeal of Florida, Fourth District.
July 27, 1994.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
Defendant appeals the denial of his motion to suppress sixteen cocaine rocks on the ground that the rocks were obtained from an *137 illegal stop. The issue is whether this is a "stop then drop" case or a "drop then stop" case. State v. Fortunato, 581 So.2d 651 (Fla. 4th DCA 1991).
The only evidence at the motion to suppress hearing was the testimony of the arresting officer:
Q. You were in a marked police vehicle and in full police uniform; correct?
A. That's correct.
Q. You saw the defendant, to your own words, attempt to fade away?
A. That's correct.
Q. You saw that the defendant began to act furtively?
A. That's correct.
* * * * * *
Q. You did not observe any narcotic transaction occur; correct, officer?
A. That's correct.
Q. Mr. Johnson then began to walk away from you at a brisk pace?
A. That's correct.
Q. You did not observe Mr. Johnson commit any sort of crime; correct?
A. That's correct.
Q. And Mr. Johnson was approximately 10 feet ahead of you when he dropped something from his right hand to the ground?
A. That's correct.
Q. You then asked Mr. Johnson to stop?
A. I had asked him to stop before that while he was walking away.
Q. Did he make any sort of sign or any sort of acknowledgment to that command?
A. He continued to walk away. He knew I was behind him and this was my estimation that that's why he was walking away.
Q. However, he did stop when you asked him to stop after you had observed the object strike the ground?
A. I was speaking to him  normally, I would just be saying something to the effect of, "I just want to talk to you. Come here. Stop. Hold on. I'm a police officer. I just want to talk to you." While that was taking place, he walked up to the porch area, threw something down and immediately turned around so that if 
Q. The fact, though, is that you had not observed him commit any sort of crime?
A. That's true.
On cross-examination he testified:
Q. Officer, do you recall at what point you first asked the defendant to stop?
A. As soon as we got out of the police vehicle different officers went up to different people in the group. Mr. Johnson began to walk away so I began following him right away, asking him to stop.
Q. Were you in uniform?
A. Yes, I was.
Q. And upon asking him to stop, how did he respond to you?
A. He continued walking away briskly. And before I had actually started talking to him, he was watching me starting back again away with his eyes on me and then he turned to walk away. That heightened my curiosity.
Q. Did he, after turning and walking away from you, attempt to make any verbal communication with you?
A. He did not.
Q. When did you next ask him to stop?
A. I continued speaking with him until he walked up, he turned onto the porch, walked up onto the porch. I saw him throw something down from his right hand. I was directly in line with him and as soon as he threw that down, he turned right away and approached me and said something to the effect of, "What, officer?"
If the police do not have a lawful reason to stop a person  and the state concedes they did not in this case  the person who stops and then drops is entitled to have the evidence which was dropped suppressed. Spann v. State, 529 So.2d 825 (Fla. 4th DCA 1988) approved, Hollinger v. State, 620 So.2d 1242 (Fla. 1993) and Perez v. State, 620 So.2d 1256 (Fla. 1993). See also, In Interest of J.K., 581 So.2d 940 (Fla. 4th DCA 1991).
In California v. Hodari, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the Court held that an unlawful seizure has not occurred where the person does not stop when *138 requested to do so. An unlawful seizure only takes place if the person either willingly obeys or is physically forced to obey the police request, i.e. there is no unlawful seizure when the person "drops then stops," even where the drop occurs after an order to stop.
The trial court denied defendant's motion to suppress here, finding a "voluntary abandonment," but observing that it was a very close case. We agree it is close; however, implicit in his order is a finding of fact that the drop came before the stop, and we must interpret the evidence and inferences to be drawn therefrom in favor of affirming. Owen v. State, 560 So.2d 207 (Fla. 1990) cert. denied, 498 U.S. 855, 111 S.Ct. 152, 112 L.Ed.2d 118 (1990).
Affirmed.
GUNTHER and FARMER, JJ., concur.