680 So.2d 630 (1996)
STATE of Florida, Appellant,
v.
Perry WOODS, Appellee.
No. 96-1363.
District Court of Appeal of Florida, Fourth District.
October 16, 1996.
*631 Robert A. Butterworth, Attorney General, Tallahassee, and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a trial court's order granting defendant/appellee's motion to suppress. We reverse and remand.
Detective Steven Kinsey was the sole witness at the suppression hearing. On the day of appellee's arrest, the police received a complaint that there was a black male subject at a specified address selling crack cocaine. Kinsey testified that when he and four other officers arrived at the location they saw appellee and another black male. Appellee was sitting in a chair facing towards the street. Kinsey was wearing both a black t-shirt with the word "police" in white letters on front and back, and his utility belt which contained his gun and police radio.
When Kinsey and the others exited the vehicle, appellee rose from his chair and proceeded to walk away from Kinsey. Kinsey testified that at this point he was not looking to arrest appellee. However, appellee "turned away from our direction and began walking, ran towards an apartment that had an open door to it." Kinsey followed appellee, attempting unsuccessfully to contact him. Although Kinsey yelled for appellee to stop, appellee kept walking towards an apartment.
Kinsey, chasing appellee, was approximately three to four feet behind him when appellee turned and dropped onto the floor two baggies of crack cocaine and a handgun. Immediately after dropping the items, appellee said something to Kinsey to the effect of "what's going on."
Both parties characterize this case as involving the distinction between "stop then drop" or "drop then stop." See Johnson v. State, 640 So.2d 136 (Fla. 4th DCA 1994). In Johnson, this court noted that in California v. Hodari, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the Court held that an unlawful seizure (stop) has not occurred where the person does not stop when requested to do so. Rather, an unlawful seizure takes place only if the person either willingly obeys or is physically forced to obey the police request. As such, there is no unlawful seizure when the person "drops then stops," even where the drop occurs after an order to stop.
We hold that the trial court erred in its apparent finding that the stop preceded the drop. The sole testimony was that the defendant did not yield to Kinsey's request to stop nor in any way did the defendant submit to Kinsey's authority. We do not see any evidence of submission to authority. See State v. Bartee, 623 So.2d 458 (Fla.1993); State v. Wright, 662 So.2d 975 (Fla. 2d DCA 1995). Compare Lang v. State, 671 So.2d 292 (Fla. 5th DCA 1996) (where defendant submitted to the deputy's authority by beginning to comply with the deputy's instruction to get into the patrol car).
GUNTHER, C.J., and GLICKSTEIN and GROSS, JJ., concur.