STEVENSON, Judge.
Appellant, Anthony Johnson, was serving the probation portion of his sentence for a second degree murder when the lower court revoked his probation, and sentenced him to 25 years incarceration, based on his possession of a 9mm handgun. Appellant challenges the trial court’s denial of his motion to exclude the handgun from evidence based on an alleged Fourth Amendment violation. We find that the firearm was properly admitted into evidence and affirm.
Appellant argues, and the State conceded at oral argument, that the initial stop was improper and without probable cause or a reasonable suspicion. Indeed, the police had merely received an anonymous tip that a robbery had taken place and found appellant in the area where the robbery had allegedly occurred. No description of the alleged armed robber had been given, and the police encountered appellant while he was getting out of his ear.
*377 Officer Campbell advised appellant to raise his hands above his head. Appellant did not comply, so the officer positioned his spotlight on appellant and repeated the order. Appellant still did not comply; he simply stood there and looked at the officer. The officer drew his gun and pointed it at appellant, but appellant still would not put his hands up. Eventually appellant raised his right hand. His left hand remained at his side.
At this point, about a minute after the confrontation began, Deputy Williams arrived and joined Officer Campbell in ordering appellant to raise his hands several more times. Finally, appellant turned and drew what appeared to be a handgun. Appellant threw the item over a fence and ran away. Both the item, a 9mm handgun, and the fleeing appellant were eventually located— the handgun, immediately, and appellant, about a month later.
In reviewing an order on a motion to suppress, this court must interpret the evidence and reasonable inferences derived therefrom in a manner most favorable to sustaining the trial court’s ruling. Reaves v. State, 669 So.2d 352 (Fla. 4th DCA 1996). While we are reluctant to follow the State’s urging and say that there was no seizure because appellant failed to fully comply with the officer’s order to raise both hands, the record supports the conclusion that even if there was a seizure initially, appellant’s subsequent flight terminated that seizure. Viewed in the light most favorable to the trial court’s ruling, the evidence supports a finding that the discarding of the weapon occurred during appellant’s retreat from whatever restraint he was under.
In California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), officers gave chase after a group of juveniles fled upon seeing them. The State conceded there, as here, that there was no “reasonable suspicion” to justify stopping the youths. Id. at 624 n. 1, 111 S.Ct. at 1548 n. 1; see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). When the defendant, Hodari, turned and saw an officer in pursuit, he tossed away what appeared to be a piece of crack cocaine. The officer tackled the defendant, handcuffed, and arrested him. Hodari sought to have the rock suppressed. The court explained:
As this case comes to us, the only issue presented is whether, at the time he dropped the drugs, Hodari had been “seized” within the meaning of the Fourth Amendment. If so, respondent argues, the drugs were the fruit of that seizure and the evidence concerning them was properly excluded. If not, the drugs were abandoned by Hodari and lawfully recovered by the police, and the evidence should have been admitted.
Hodari D., 499 U.S. at 623, 111 S.Ct. at 1548. The court found that Hodari was not seized at the time the item was discarded and that, therefore, the cocaine was properly admitted. Id.
In State v. Woods, 680 So.2d 630 (Fla. 4th DCA 1996), the police had ordered the defendant, Woods, to stop, but he ran away. In the process of running away, Woods dropped a handgun and some cocaine. Although Woods had been ordered to stop, this court held that he was not seized prior to dropping the contraband:
[A]n unlawful seizure takes place only if the person either willingly obeys or is physically forced to obey the police request. As such, there is no unlawful seizure when the person “drops then stops,” even where the drop occurs after an order to stop.
680 So.2d at 631.
Similarly, in D.E. v. State, 605 So.2d 574 (Fla. 3d DCA 1992), the court allowed into evidence cocaine that had been discarded during a police pursuit:
The fact that the police officer had no probable cause to arrest the respondent and no reasonable suspicion to temporarily detain the respondent when the chase began cannot change this result because the respondent was not seized in the Fourth Amendment sense while being chased by the police officer.
•The instant case presents a fact scenario different from that in Hodari D., Woods, or D.E. because here there may have been an initial seizure, but there was a subsequent breakaway from, and termination of, that *378 seizure. Nevertheless, certain dicta in Ho-dari D. is instructive:
To say that an arrest is effected by the slightest application of physical force, despite the arrestee’s escape, is not to say that for Fourth Amendment purposes, there is a continuing arrest during the period of fugitivity. If, for example, [Officer] Pertoso had laid his hands upon Hodari to arrest him, but Hodari had broken away and had then cast away the cocaine, it would hardly be realistic to say that that disclosure had been made during the course of an arrest.
499 U.S. at 625, 111 S.Ct. at 1550. (emphasis added).
As explained in Johnson v. Grob, 928 F.Supp. 889, 898 (W.D.Mo.1996), Hodari D. supports the notion that an arrestee could “revok[e] her submission by fleeing.” Thus, where a driver stopped at a roadblock and then reversed away from it, the initial stop was considered to be a seizure, “albeit a short one” due to the subsequently revoked submission to the authority of the officers. Id. Similarly, even if appellant is deemed to have initially been seized by the police, his subsequent flight and contemporaneous tossing was a revocation of his submission so as to bring the tossing of the gun outside the temporal scope of the seizure.
Among the policy reasons behind the Ho-dari D. decision is the protection of the public from dangerous police pursuits and the encouragement of compliance with police orders:
Street pursuits always place the public at some risk, and compliance with police orders to stop should therefore be encouraged. Only a few of those orders, we must presume, will be without adequate basis, and since the addressee has no ready means of identifying the deficient ones it almost invariably is the responsible course to comply.
499 U.S. at 627, 111 S.Ct. at 1551. Had appellant submitted to the attempted seizure (stop), the handgun would have been suppressed, and he would have had the full benefit of the exclusionary rule.
We hold that when the record is viewed in the light most favorable to upholding the decision of the trial judge, appellant was not “seized” at the time that he discarded the handgun. Accordingly, the judgment on appeal is AFFIRMED.
GLICKSTEIN and STONE, JJ., concur.