PER CURIAM.
We affirm the trial court’s order denying appellant’s motion to suppress the bag of cannabis, which he threw into a tree as he fled the police, under the theory of abandonment. See California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); Perez v. State, 620 So.2d 1256 (Fla.1993); State v. Bartee, 623 So.2d 458 (Fla.1993). Although appellant may have been illegally stopped and thereafter seized as a result of his initial submission to police authority, the seizure was terminated once he ran from the police. Therefore, the bag he threw while fleeing was not discarded at the time appellant was “seized” within the meaning of the Fourth Amendment. See Johnson v. State, 689 So.2d 376 (Fla. 4th DCA 1997). Compare Hollinger v. State, 620 So.2d 1242 (Fla.1993).
AFFIRMED.
BARFIELD, C.J., and ERVIN and WOLF, JJ., CONCUR.