PER CURIAM.
The State of Florida appeals an order granting the respondent’s motion to suppress physical evidence. We reverse.
Respondent A.M., a juvenile (“respondent”), was arrested for possession of cannabis after he attempted to discard a baggie of marijuana while walking away from a police officer. The incident in question arose when the officer, while on routine patrol following a domestic dispute call, noticed the respondent standing on a street corner in a high crime area. The respondent matched the description of the individual involved in the domestic dispute and was with another male who had been arrested on several occasions for possession and sale of narcotics.
When the officer stopped to investigate, the respondent began to walk away. The officer then instructed him to stop, but the respondent said “no, I ain’t gonna stop.” Before the officer was able to grab the respondent, the respondent pulled his hand out of his pocket and threw a small baggie containing marijuana on the opposite side of a fence.
Prior to trial, the respondent filed a motion to suppress, arguing that his seizure and detention were not based on a reasonable articulable suspicion of crime, or probable cause. The trial court agreed, finding the respondent was illegally seized without probable cause when the police officer asked him to stop walking away. Thus, the trial court reasoned that the respondent’s subsequent abandonment of the narcotics was the product of an illegal stop and granted the motion to suppress citing State v. Anderson, 591 So.2d 611 (Fla.1992).
We find the trial court erred in granting the motion because the respondent was not “seized” prior to throwing the baggie. To constitute “seizure of the person” under the Fourth Amendment, there must be either an application of physical force by the officer against the individual or a showing that the individual submitted to the officer’s show of authority. See California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); Perez v. State, 620 So.2d 1256 (Fla.1993). There is “no unlawful seizure if the individual ‘drops then stops,’ even where the drop occurs after an order to stop.” State v. Woods, 680 So.2d 630, 631 (Fla. 4th DCA 1996).
Here, the respondent discarded the drugs without having acquiesced to the officer’s request to stop and before the officer ever touched him. Accordingly, the drugs could not have been the fruit of an unlawful seizure and the motion to suppress should have been denied. See State v. Bartee, 623 So.2d 458 (Fla.1993) (chase and order for defendant to stop did not constitute a seizure, therefore cocaine abandoned during defendant’s flight was not fruit of the poisonous tree and should not have been suppressed); Johnson v. State, 640 So.2d 136 (Fla. 4th DCA 1994)(abandonment of drugs was voluntary where officer asked defendant to stop, followed defendant, but never touched him, and defendant dropped drugs before complying with officer’s request to stop). Therefore, the order below suppressing the evidence must be reversed.
Reversed.