DAVIS, Judge.
The State appeals the trial court order granting Smith’s motion to suppress a baggie of cocaine found on the ground where he allegedly dropped it while fleeing police. We reverse.
It was revealed at the suppression hearing that Officer Vasquez and three other officers, all wearing raid gear, arrived in a high drug area in separate unmarked cars. As the officers pulled up near Smith, he turned and looked at them. Officer Vasquez said that Smith looked surprised when he saw the officers. He also said that their raid gear was visible. Smith immediately began walking away from the officers while forcefully shoving his hand into his right front pocket. As Officer Vasquez exited his vehicle he told Smith to “stop, police.” Smith simultaneously made a dropping or throwing motion and started to run. The officer did not see any object actually drop. Smith was subsequently *567 apprehended, and another officer retrieved a baggie of cocaine at the spot where Smith made the dropping motion.
The trial court granted Smith’s motion to suppress without making any findings of fact. In reviewing the trial court’s determination on a motion to suppress, we consider the trial court’s findings of fact pursuant to the competent, substantial evidence standard; the trial court’s legal conclusions are reviewed de novo. Ornelas v. U.S., 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).
First, our review of the record reveals that, contrary to defense counsel’s argument, the initial stop was justified. Pursuant to Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), unprovoked flight from officers in a high drug area supports a reasonable suspicion that the defendant was involved in criminal activity. In Copeland v. State, 756 So.2d 180, 181 (Fla. 2d DCA 2000), this court extended Wardlow to apply to a situation where the defendant did not run, but rather
began backing away from the officers, looking nervous. He positioned himself so that he was standing behind a woman, thus placing the woman between himself and the officers. Mr. Copeland also concealed his hands behind his back, leading at least one officer to be concerned that he might have a weapon.
In Copeland this court found no meaningful distinction between the facts in Copeland and those in Wardlow. Noting that Copeland did not engage in flight, this court observed that while “Mr. Copeland’s conduct was not flight, ... it was equally unusual, suspicious behavior.” 756 So.2d at 181.
We can see no meaningful distinction between the instant case and Copeland because Smith’s behavior, quickly walking away while forcefully shoving his hand into his pocket and looking surprised, was “equally unusual, suspicious behavior” that justified the stop. Id.
However, even if the stop was not justified, pursuant to Abdullah v. State, 745 So.2d 582 (Fla. 1st DCA 1999), once Smith began to run, the seizure was terminated, so that whatever he dropped was considered abandoned and therefore admissible. The officer here testified that as he told Smith to stop, Smith simultaneously began to run, dropping something as he went. Smith’s act of running thus terminated the seizure, rendering the dropped baggie admissible.
Finally, we conclude that the officer’s inability to see anything actually drop from Smith’s hand, under the particular circumstances of this case, was not fatal. Pursuant to C.H.S. v. State, 795 So.2d 1087 (Fla. 2d DCA 2001), while mere proximity to contraband will not support its admission, contraband may be admissible where there are other links between the contraband and the defendant. The record reveals that the officer clearly saw Smith forcefully reaching into his pocket immediately before Smith made the dropping motion. The only item on the ground where Smith had been was the baggie of cocaine. There were no other individuals around. The cocaine was found by the other officer shortly after Smith was apprehended. We believe that, as in C.H.S., 795 So.2d 1087, circumstantial evidence eliminated other reasonable hypotheses of innocence because there were sufficient links between Smith and the contraband for the jury to conclude that Smith dropped the baggie on the ground as he began to run. We therefore conclude that the trial court erred in its legal conclusions that the stop was improper and that the *568 baggie of cocaine should have been suppressed.
Reversed and remanded.
FULMER and KELLY, JJ., concur.