984 So.2d 611 (2008)
STATE of Florida, Appellant,
v.
Linder Douglas MATUL, Appellee.
No. 4D07-3476.
District Court of Appeal of Florida, Fourth District.
June 11, 2008.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, for appellee.
POLEN, J.
The state timely appeals an August 23, 2007 non-final order granting Appellant Linder Douglas Matul's motion to suppress physical evidence and verbal statements.
Four officers approached a group of men gathered in front of a residence in Lake Worth. Though the officers did recognize Matul and some of the men as members of the 18th Street Gang, the officers had no articulable suspicion when they first approached the men. It was merely a consensual citizen encounter. See Popple v. State, 626 So.2d 185 (Fla. 1993).
As the officers approached, Matul walked away and threw an Aquafina water bottle. One of the officers inspected the bottle, ultimately finding that the bottle contained a hidden compartment with crystal methamphetamine.
*612 We hold that once Matul threw the bottle, the officers had probable cause to investigate. We hold that this was an example of a "drop then stop." As this court has held, "an unlawful seizure only takes place if the person either willingly obeys or is physically forced to obey the police request, i.e. there is no unlawful seizure when the person "drops then stops," even where the drop occurs after an order to stop." See Johnson v. State, 640 So.2d 136 (Fla. 4th DCA 1994).
We reverse as the motion to suppress should have been denied.
Reversed and remanded.
WARNER and TAYLOR, JJ., concur.