TAYLOR, J.,
concurring in result only.
I concur in the majority decision to uphold the denial of the defendant’s motion to suppress, but not because I agree that the officer had a founded suspicion to stop Williams for interference with his criminal investigation. Founded suspicion requires more than a “hunch” or a “bare” suspicion to validate the stop. See Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Kearse v. State, 384 So.2d 272, 274 (Fla. 4th DCA 1980); § 901.151(2), Fla. Stat. (2010). Here, the mere fact that Williams walked up to the driver in a *647 parked vehicle and then quickly backed way with a clenched hand after becoming aware of the presence of police officers did not give rise to a well-founded suspicion that Williams had committed, was committing, or was about to commit a criminal offense.
The deputy testified that when Williams approached the driver’s side of the vehicle and leaned inside, the deputy was several feet away checking the driver’s identification with the Sheriffs Office dispatch. The deputy could not overhear the conversation between Williams and the driver, and the deputy did not see Williams do anything to disrupt his investigation. When the deputy noticed Williams, he asked him what he was doing. Williams, who appeared startled upon seeing the deputy, took a step back and then walked past him. The deputy observed that Williams’ right hand was clenched, but he could not see if he had anything in his hand. The deputy just felt that “it was obviously very suspicious.” These facts simply do not support a reasonable suspicion of criminal activity for an investigatory stop.
That said, however, I would nonetheless affirm the denial of the motion to suppress, because the evidence in this case does not show that the defendant complied with the officer’s request to stop before he dropped the cocaine. Therefore the defendant was not unlawfully seized and the Fourth Amendment was never implicated. When the deputy attempted to stop Williams, Williams simply turned around and dropped a crack cocaine rock. “[A]n unlawful seizure takes place only if the person either willingly obeys or is physically forced to obey the police request. As such, there is no unlawful seizure when the person ‘drops then stops,’ even where the drop occurs after an order to stop.” State v. Woods, 680 So.2d 630, 631 (Fla. 4th DCA 1996) (holding that defendant was not unlawfully seized before he dropped the handgun and cocaine while fleeing officer, although officer was three to four feet behind defendant when he turned around and dropped the items); see also California v. Hodari D., 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (a seizure requires either physical force or submission to a show of authority); Johnson v. State, 640 So.2d 136, 137-38 (Fla. 4th DCA 1994) (holding that no unlawful seizure of defendant occurred before defendant voluntarily abandoned cocaine rocks; he dropped the drugs after the officer asked him to stop but before he willfully-obeyed, and the officer did not physically force the defendant to obey his request to stop); State v. A.M., 788 So.2d 398 (Fla. 3d DCA 2001) (holding that juvenile was not seized by police officer where juvenile had refused to stop and began to walk away after officer tried to question him).
Viewing the testimony and all inferences in the light most favorable to sustaining the trial court’s denial of the motion to suppress, I would conclude that the defendant was not unlawfully seized before he discarded the drugs. For that reason, I concur in the decision to affirm.