104 So.2d 356 (1958)
SEABOARD AIR LINE RAILROAD COMPANY and R.H. Williams, a resident of the State of Florida, Petitioners,
v.
Jesse H. BRANHAM, Respondent.
Supreme Court of Florida.
July 9, 1958.
Rehearing Denied August 1, 1958.
*357 Smathers, Thompson & Dyer and L.S. Bonsteel, Miami, for petitioners.
Nichols, Gaither, Green, Frates & Beckham and Sam Daniels, Miami, for respondent.
SEBRING, Justice.
Jesse H. Branham, who was the plaintiff below, sued Seaboard Air Line Railroad Company and R.H. Williams to recover damages for injuries resulting from the negligent operation of one of the trains of the railroad company. From a judgment in favor of the plaintiff, the defendants appealed, assigning as error the refusal of the Circuit Court to direct a verdict in their favor at the close of the plaintiff's case in chief and at the end of the entire case. The District Court of Appeal, Third District, affirmed the judgment, Seaboard Air Line Railroad Company v. Branham, Fla., 99 So.2d 621, and the defendants thereupon petitioned this court for a writ of certiorari to review the District Court decision on the ground that it "is in conflict with and, by implication, seeks to overrule this Court's decision in Louisville & Nashville Railroad Company v. Holland, Fla., 79 So.2d 691 * * *." The petition for the writ of certiorari was granted and the matter is now before this court for final consideration.
Section 4, Article V, Florida Constitution, F.S.A. provides, so far as is material here, that "The supreme court may review by certiorari any decision of a district court of appeal * * * that is in direct conflict with a decision * * * of the supreme court on the same point of law." (Italics supplied.)
As is pointed out by this court in Ansin v. Thurston, Fla., 101 So.2d 808, 811, the discretionary power of review *358 granted by the portion of the Constitution we have quoted is concerned "with decisions as precedents as opposed to adjudications of the rights of particular litigants." While by a "decision" of a court is generally meant the judgment, and not the "opinion", which represents merely the reasons for that judgment, 14 Am.Jur., Courts § 131, we are of the view that as the term is used in the constitutional provision under consideration "decision" comprehends both the opinion and judgment. The reason for the adoption of the constitutional provision and the manner in which the jurisdiction therein conferred will be exercised are discussed in Lake v. Lake, Fla., 103 So.2d 639, 643.
In the opinion it is said that "If in a particular case an opinion is rendered by a district court of appeal that prima facie conflicts with a decision of another district court of appeal or of the Supreme Court on the same point of law, the writ of certiorari may issue and, after study, may be discharged, or the decision of the district court of appeal may be quashed or modified to the end that any conflict may be reconciled." (Italics supplied.)
Thus, the court has delineated the procedure it intends to follow in respect to its discretionary power to determine whether or not there exists direct conflicts between decisions of a district court and the Supreme Court on the same point of law: The Court will examine the opinion upon which the district court of appeal decision is based, and if the opinion, on its face, shows the probable existence of a direct conflict between the two decisions, on the same point of law, the writ of certiorari may issue and, after study, may be discharged, or the decision of the district court of appeal may be quashed or modified to the end that any direct conflict between the decisions on the same point of law may be reconciled.
In the instant case the petitioners have not alleged that the decision of the District Court of Appeal is in direct conflict with a prior decision of the Supreme Court but only that it is "in conflict with and, by implication, seeks to overrule" the prior decision. On the face of the petition, therefore, the petitioners have failed to allege facts that would authorize the exercise of jurisdiction by this Court. But, quite aside from this procedural defect, an actual examination of the decision of the District Court of Appeal to which the petition for certiorari is addressed and the earlier decision of this Court with which it is supposed to be in direct conflict fails to disclose the direct conflict suggested by the petitioners. To grant a review of the decision of the District Court of Appeal under these circumstances would amount, in effect, to allowing the petitioners two separate successive appeals at two separate and distinct appellate levels; and this the constitution does not authorize. Consequently, the writ of certiorari should be discharged.
It is so ordered.
TERRELL, C.J., and THOMAS, HOBSON and THORNAL, JJ., concur.