636 So.2d 571 (1994)
Joseph Patrick BARNA, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1688.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
*572 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for appellee.
KLEIN, Judge.
Defendant filed a motion to suppress evidence of cocaine and marijuana found in his possession. The trial court denied the motion and defendant entered a plea reserving the right to appeal the denial of the motion. We reverse because defendant was unlawfully stopped and there was no clear and convincing evidence that he consented to a search.
Two police officers observed defendant and another man standing in the rear corner of a public parking lot behind a bar at 11:30 p.m. They appeared to be smoking and talking. The officers approached them and one of the officers said to them:
The fact there's drug activity in the parking lot, car theft, auto burglaries, that's what we are checking for. You two gentlemen have been standing there for quite some time. We were going to investigate a little further.
The officers asked both men for their identification, received it, and held on to it while one officer began running a teletype check. The other officer asked defendant why he was nervous, sweating and shaking. He also asked him if he had any drugs or weapons, and defendant responded that he did not, lifted his hands above his head and said, "go ahead and search me if you want." The officer searched him, found a cut straw, a small baggy of cocaine, and the remains of a marijuana cigarette in his pockets.
The State argues that defendant volunteered to be searched during a consensual encounter with the police. We disagree.
During a consensual police-citizen encounter, which involves only minimal police contact, a citizen may choose whether or not to comply with the officer's request, and a reasonable person would feel free to leave. Popple v. State, 626 So.2d 185 (Fla. 1993). We conclude that no reasonable person would have believed he was free to terminate this contact and that this was an investigatory stop rather than a mere consensual police-citizen encounter.
The State makes no argument that this was a lawful investigatory stop, and we conclude it was not. Since the investigatory stop of defendant was unlawful, the subsequent search of defendant was also unlawful, absent clear and convincing proof that defendant consented to the search, and that this consent was not a product of the unlawful police activity. Weaver v. State, 548 So.2d 1198 (Fla. 4th DCA 1989); Norman v. State, 379 So.2d 643 (Fla. 1980). We determine that the State has failed to carry this burden, and therefore reverse the order denying the motion to suppress and the judgment and sentence.
STONE, J., concurs.
DELL, C.J., dissents without opinion.