641 So.2d 408 (1994)
Mary Ann KENNEDY, Petitioner,
v.
Edward M. KENNEDY, Respondent.
No. 82503.
Supreme Court of Florida.
September 1, 1994.
*409 B. Paul Katz of Chiumento, Katz & Guntharp, P.A., Palm Coast, for petitioner.
Charles W. Willits, Orlando, for respondent.
PER CURIAM.
We granted jurisdiction to review Kennedy v. Kennedy, 622 So.2d 1033 (Fla. 5th DCA 1993), because of what appeared to be direct conflict with Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).[1] However, upon closer examination of the decision under review, we have determined that jurisdiction was improvidently granted.
The decision under review is the result of a plurality opinion of four members of an en banc panel of the Fifth District Court of Appeal that was joined only in part by a fifth member of the nine-judge panel. See Fla. R.App.P. 9.331 (an en banc "decision" shall be by a majority of the active judges actually participating and voting in the case). We accepted jurisdiction to consider what the plurality in this case dubbed the "doctrine of comparable fairness." 622 So.2d at 1036. Under this newly developed doctrine, the appellate court compares an award of alimony in a given case to awards made in other cases with similar facts. If the appellate court finds that the alimony award is outside the range of awards in the comparable cases, the appellate court can find that the trial court abused its discretion in making the award. 622 So.2d at 1035-36. This Court has never recognized the doctrine of comparable fairness. Thus, we believed jurisdiction existed because of the doctrine's apparent conflict with our decision in Canakaris.
However, upon further review, we have determined that only four members of the nine-judge panel appear to have concurred in the portion of the plurality opinion that advocates the comparable fairness doctrine. Thus, it is now clear that the decision under review was not based on the comparable fairness analysis employed by the plurality and that the portion of the plurality opinion relying on the doctrine to hold the award of alimony improper in this case cannot serve as the basis for this Court's jurisdiction. Accord Seaboard Air Line R.R. v. Branham, 104 So.2d 356 (Fla. 1958) (this Court must look to "opinion" upon which the district court's "decision" is based to determine probable existence of direct conflict with a decision of the Supreme Court on the same point of law). Moreover, because the comparable fairness doctrine exists only in this isolated plurality opinion, the doctrine should not be considered the law of this state.
It was the "decision" of the majority below to reverse the award of alimony to the wife in this case because the trial court failed to comply with the provisions of section 61.08, Florida Statutes (1991). Five members of the nine-judge panel agreed that the trial court erred in its application of the law by failing to consider all of the factors to be considered in determining a proper award of alimony as set forth in section 61.08(2). The majority also found reversible error based on the court's failure to make findings of fact relative to the enumerated factors. 622 So.2d at 1034.
Thus, a majority determined that the award of permanent alimony must be reversed and the case remanded for compliance with the statutory provisions and entry of an amended final judgment. However, this ground for reversal did not serve as a basis for our acceptance of jurisdiction and cannot so serve. This is so because this "decision" is not in express and direct express conflict with a decision of another district court of appeal or of this Court on the same question of law, as required by article V, section 3(b)(3) of the Florida Constitution.
Accordingly, because we can find no other basis for jurisdiction, we dismiss the petition for review.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.