722 So.2d 916 (1998)
Randy E. CLIETT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-05033
District Court of Appeal of Florida, Second District.
December 9, 1998.
*917 James Marion Moorman, Public Defender and A. Anne Owens, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
SCHEB, JOHN M., Senior Judge.
Randy E. Cliett pleaded no contest to charges of burglary and petit theft, reserving the right to appeal the trial court's denial of his motion to suppress evidence seized by the police. The State stipulated that the denial of the motion was dispositive. We hold the trial court erred in denying Cliett's motion to suppress because the State failed to establish probable cause for the warrantless seizure of property from Cliett. We reverse.
Cliett moved to suppress several fishing rods he was carrying that were seized by Officer Gary L. Glissen of the Davenport Police Department. At the hearing on Cliett's motion, only Officer Glissen testified. He said that while he was driving his patrol car about 1:30 a.m. on April 24, 1995, he observed Cliett standing by a stop sign with several fishing rods furtively attempting to place them in the grass. Officer Glissen stopped, got out of his car, and asked Cliett what he was doing. Cliett, who identified himself as David Brown, explained that he had gotten the fishing rods from his girlfriend's car because she was going to sell them. However, when asked his girlfriend's name, Cliett responded that he could not remember it. Nor could Cliett adequately describe her car.
Officer Glissen did not testify that any burglaries had been reported recently in the neighborhood or that a specific burglary was reported that night. He admitted that Cliett was "just standing there" and not involved in any criminal activity. Nevertheless, because Cliett was carrying a number of fishing rods in a residential neighborhood where there were no fishing ponds, Officer Glissen viewed him as a "suspicious person." Cliett's failure to provide any proof of ownership and his evasive responses did not satisfy the officer. Officer Glissen, however, did not order Cliett to remain at the scene, nor did he arrest him because he concluded that he had no reason to do so. But because Cliett did not explain satisfactorily where he had gotten the fishing rods and "it was that time of the morning," Officer Glissen suspected the fishing rods might have been stolen. He therefore seized the rods and placed them in his patrol car telling Cliett that he could reclaim them by providing proof of ownership. In the meantime, Officer Glissen called for a backup officer in an attempt to identify Cliett, but before a backup officer arrived, Cliett left the scene. Based on the officer's testimony, the trial court denied Cliett's motion to suppress.
A police officer has the right to approach an individual in public and ask questions or request identification without a *918 founded suspicion of criminal activity. This practice is termed a "citizen-police encounter." The individual may, but is not required, to cooperate with the police at this stage. See Popple v. State, 626 So.2d 185 (Fla.1993). Thus, Officer Glissen had the right to approach and talk with Cliett irrespective of any founded suspicion of criminal activity. Here, the officer did not tell Cliett that he was being detained. Indeed, Cliett was free to leave and he did. We conclude that up to this point, the interaction between the officer and Cliett was a consensual encounter.
Officer Glissen's nonconsensual taking of the rods and placing them in his vehicle, however, constituted a seizure. See United States v. Jacobsen, 466 U.S. 109, 112, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) ("A `seizure' of property under the Fourth Amendment occurs when there is some meaningful interference with an individual's possessory interest in that property."); see also Jones v. State, 648 So.2d 669 (Fla.1994). A warrantless seizure of personal property in open view in a public place is presumptively reasonable for Fourth Amendment purposes if it is based on probable cause to believe that the property is contraband or is evidence of a crime. Id. Whether probable cause exists is based on the "`totality of the circumstances,' focusing upon the facts existing at the time of the seizure as viewed in the light of the officer's knowledge and experience." Bryant v. State, 577 So.2d 1372, 1374 (Fla. 1st DCA 1991). The evidence presented at the suppression hearing was insufficient to establish probable cause. There was no testimony that any burglaries had been committed recently in the area or that a particular theft was reported that night. There was no evidence that the area was known to involve criminal activity. Furthermore, by his own admission, the officer had no suspicion that Cliett was engaged in criminal activity; he merely suspected that the rods did not belong to Cliett. We conclude that these circumstances did not create probable cause to believe that the rods were evidence of a crime, and Officer Glissen's mere suspicion that the rods were stolen was not sufficient to justify the seizure. Consequently, the seizure was not reasonable. See Jones, 648 So.2d 669.
The State seeks to sustain the trial court's ruling on the basis that Cliett abandoned the fishing rods when he stepped five to ten feet away from them during the brief encounter with the officer. Abandonment of personal property has been defined as "the intention to part with the property forever." See State v. Schultz, 388 So.2d 1326, 1329 (Fla. 4th DCA 1980). The record reflects that Officer Glissen, a uniformed police officer, confiscated the rods before Cliett demonstrated any intention to part with them forever. Based on these facts, we do not believe Cliett's actions constituted abandonment.
Reversed.
PATTERSON, A.C.J., and WHATLEY, J., concur.