KLEIN, J.,
dissenting.
I would have granted the motion to suppress in this case. In my opinion, no reasonable person would have believed that he was free to terminate the “consensual encounter” when the defendant allowed the officer to look in his backpack.
The encounter began, according to the officer, and in a light most favorable to the state, when the officer and his back up officer had just completed issuing a traffic citation involving someone not involved in this case. Their two vehicles were parked partly on the street and partly on the swale. The sixteen year old defendant and his friend were walking toward the area on the sidewalk, at 2:30 A.M., when the officer asked what they were doing and where they were headed. He then asked the defendant for identification. The defendant, who did not have identification, gave the officer his name and birth date, which the officer dispatched over his shoulder radio to determine if there were any warrants out for the defendant.
Before the information came back that there were no warrants, the officer asked *721 the defendant what was in the bag, and the defendant described various items. The defendant then offered the officer the bag so that the officer could look. The officer found tools which he believed were burglary tools and a loaded handgun. The trial court denied defendant’s motion to suppress, and he appeals.
The state has at all times agreed that there was no founded suspicion to justify a stop by the officer, arguing only that this was a consensual encounter. Because the defendant gave his consent to search his backpack after the defendant knew that the officer had called in his name for a warrants’ check, and prior to the officer receiving that information, I would hold that no reasonable person would have concluded that he or she was free to end the encounter and depart. I believe that any reasonable person would have thought that the officer was calling in the information for a purpose and that leaving would have made the officer’s act of calling in the information futile. I see no difference between these facts and a situation in which the officer tells the person to wait while he radios in the name.
In Barna v. State, 636 So.2d 571 (Fla. 4th DCA 1994), defendant had been standing in parking lot behind a bar at night and the officers approached and told him that there had been drug activity and other crime in the parking lot and that they were going to “investigate a little further.” They asked defendant for his identification and held it while running a teletype check. While the officer was holding the ID, the defendant agreed to be searched, and the officer found drug paraphernalia.
The trial court denied the motion to suppress on the ground that, even though there was no lawful investigatory stop, the defendant consented to the search during a consensual encounter. We reversed, concluding that no reasonable person would have believed he was free to leave while the officer was holding his ID. See U.S. v. Thompson, 712 F.2d 1356 (11th Cir.1983) (an officer’s retention of a citizen’s identification is sufficient to convert an encounter into a stop); Lightbourne v. State, 438 So.2d 380 (Fla.1983) (prior to defendant voluntarily relinquishing his driver’s license to the officer, defendant would have been free to leave when an officer approached him in his parked vehicle and asked him questions). I recognize that holding a defendant’s ID is more coercive than what happened in the present case; however, I have not been able to find any cases which are more factually similar to the present case.
When precedent requires me to go along with the fiction[2] that the defendant would have felt free to leave in a consensual encounter, I do so. I am reluctant to extend that fiction, though, because no one really feels free to leave. Everyone is intimidated by the officer’s authority.
Finding no binding precedent which would compel a decision to the contrary, I would hold that where the defendant knows the officer has called in his name to determine if there are any outstanding warrants, the defendant would not have felt free to leave prior to the information coming back to the officer. The “words and actions” of the officer were sufficient, during that brief period, to convert this encounter into a stop. California v. Hodari D., 499 U.S. 621, 628, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).

. "It is nothing more than fiction to say that all of these suspects have consented to the confrontation.” Wayne R. LaFave, Search and Seizure — A Treatise on the Fourth Amendment § 9.3(a), at 95-96 (3d ed.1996).