PER CURIAM.
Appellant pled nolo contendere to possession of cocaine, reserving his right to appeal the denial of his motion to suppress the contraband. Finding no abuse of discretion in the trial court’s denial of the motion, we affirm appellant’s conviction and sentence.
Officer Milkman encountered appellant around 4:00 a.m. when she approached appellant and his companion, who were standing in the street, and asked them what they were doing and requested to see their identifications. When the men answered that they were “hanging out” and were unable to produce identification, Officer Milkman reached for her notepad to write down their names and addresses so that she could run a radio check. As the officer reached for her pad, appellant proceeded to drop a plastic baggie containing crack cocaine to the ground.
In support of his argument that the crack cocaine should have been suppressed, appellant analogizes the case at bar to Barna v. State, 636 So.2d 571 (Fla. 4th DCA 1994). However, we find that ease distinguishable. In Barna, this court concluded that an investigatory stop had occurred when two police officers approached Barna and his friend and stated that they suspected criminal activity and “were going to investigate a little further.” Id. at 572. The officers then proceeded to: ask both men for their identifications, which the officer received; run a teletype check; and ask Barna why he was nervous and whether he had any drugs. In response, Barna lifted his hands above his head and said that he did not have any drugs but to “go ahead and search if you want.” Thereafter, the police confiscated drugs and paraphernalia, which this court concluded had to be suppressed because, under the circumstances, a reasonable person would not have felt free to leave. See id.
By contrast, in the instant case, the police questioning was innocuous in nature. A single police officer simply queried what appellant was doing standing in the street at 4:00 a.m. and asked for his identification. While in Bama the police officers informed Barna that they were suspicious, that they were going to do some investigating, and asked whether Barna had drugs, the encounter at issue in this case was much less extensive, and did not involve circumstances that would prevent a reasonable person from feeling free to leave.
Affirmed.
WARNER, FARMER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.