747 So.2d 454 (1999)
Alphonso CLEMONS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 99-910, 99-911.
District Court of Appeal of Florida, Fourth District.
December 15, 1999.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
After the trial court denied appellant's motion to suppress cocaine which he dropped as officers approached him, appellant pled to the charges, reserving the right to appeal the denial of the motion. He claims that he was effectively stopped without founded suspicion when one officer approached him from the front and one from the back, and that as a result his dropping of the cocaine rock was in submission to a show of authority. Because the appellant did not actually stop, but *455 moved to the side and dropped the rock, we find no error in the denial of the motion to suppress and affirm.
On the night of the incident, Officer Guevara was conducting a surveillance of an apartment complex after receiving a tip from an informant that drugs were being sold on the property. The officer observed Clemons and another person approach the apartment complex and make contact with some other men in front of the building. Clemons and another man then went out of view of the officer, in between two buildings, leading the officer to suspect a drug transaction was taking place. Clemons came back out from between the buildings and headed down the street with a friend.
Officer Cristophers, who was in a marked police car, responded to Officer Guevara's call, and observed Clemons walking down the street. He got out of his car and began to approach Clemons, saying something like "[g]ood evening, sir." As he approached from Clemons' front, Christophers observed Clemons trying to conceal something in his left hand. At the same time Officer Kim Kneer, also responding to the call, pulled up behind Clemons in her police car, stepped out of her vehicle and walked up behind Clemons. She asked for his identification, and as she did, Clemons took a few steps to the side and dropped what turned out to be cocaine. Officer Kneer testified that Clemons never stopped moving. "He was walking and when we asked for I.D., he turned and that's when he started walking towards the grass area [where he dropped the cocaine]." At that point the officers told Clemons and his companion to sit down, and that they were not free to leave. Clemons was ultimately arrested for possession of cocaine.
After hearing the testimony, the court noted that there were conflicts between the officers' versions of what transpired. Despite these differences, the court determined that the officers had merely asked for identification, which did not constitute a stop. Therefore, because defendant dropped the cocaine prior to any stop, the court denied the motion to suppress.
Where a defendant is illegally stopped, submits to an officer's show of authority, and then drops or abandons contraband, the contraband should be suppressed as violative of the Fourth Amendment prohibition of illegal seizures. See Spann v. State, 529 So.2d 825, 825-26 (Fla. 4th DCA 1988), approved in Hollinger v. State, 620 So.2d 1242 (Fla.1993) (colloquially referred to as a "stop then drop" case). However, a trial court is not required to suppress contraband discarded by a defendant who did not yield to a law enforcement officer's show of authority or to the physical limitation of a defendant's movement prior to the discarding of the contraband. See California v. Hodari D., 499 U.S. 621, 626-628, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690 (1991) (referred to as a "drop then stop" case).
The facts of the instant case align themselves with the "drop then stop" line of cases. Neither officer testified that they ordered Clemons to stop. At most, the officer asked Clemons for identification. Asking for identification does not constitute a Fourth Amendment detention. See Fields v. State, 722 So.2d 957, 958 (Fla. 4th DCA 1998); State v. Barnett, 572 So.2d 1033, 1034 (Fla. 2d DCA 1991). Thus, the officer's request for identification did not amount to a seizure of Clemons.
Clemons argues, however, that there was a sufficient show of authority by two officers approaching the defendant from different directions to constitute a stop. Traditionally, courts consider the totality of the circumstances in determining whether a seizure has occurred, such as: whether the encounter involves several officers, a display of a weapon by an officer, some physical touching of the citizen on the part of the officer or the use of strong language indicating that compliance with the officer's request is compelled. *456 See United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); United States v. Moreno, 897 F.2d 26, 30 (2d Cir.), cert. denied, 497 U.S. 1009, 110 S.Ct. 3250, 111 L.Ed.2d 760 (1990). None of these factors appear in this case. Officer Christophers testified that he only greeted Clemons, and Officer Kneer merely asked for identification. No weapons were displayed, nor was there any physical contact. The only factors indicating a show of force were that two officers were involved and that they approached the defendant from opposite directions. However, both officers testified that Clemons continued to walk and did not stop when they approached and spoke to him. Instead, he moved to the side where he dropped the cocaine. As we noted in State v. Woods, 680 So.2d 630, 631 (Fla. 4th DCA 1996), there is no seizure if the defendant does not stop in submission to the show of authority. Here, the defendant did not stop, and the trial court correctly denied the motion to suppress.
Affirmed.
POLEN and GROSS, JJ., concur.