848 So.2d 1290 (2003)
Vaughn MORROW, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1812.
District Court of Appeal of Florida, Second District.
July 16, 2003.
*1291 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Vaughn Morrow appeals from his judgments and sentences for possession of cocaine and possession of marijuana. He argues that the drugs found during a search of his person were the product of an illegal detention and, therefore, the trial *1292 court erred in denying his motion to suppress. We agree and reverse.
Morrow was a passenger in a car that a police officer stopped for speeding and for failing to display a tag. The officer approached the driver's side of the car and asked the driver for his driver's license and registration. After the driver complied, the officer then asked Morrow, who was sitting in the front passenger seat, for identification because Morrow was not wearing his seat belt. Morrow refused to tell the officer his name. In response to Morrow's refusal, the officer temporarily abandoned his investigation of the traffic infractions that led to the stop. He walked around the car and positioned himself "right outside the passenger door" while he called for back-up. When the back-up officer arrived, Morrow gave his name, and it was discovered that Morrow had outstanding warrants for his arrest. A search of Morrow's person incident to arrest revealed crack cocaine and marijuana.
Morrow argues that the trial court should have granted his motion to suppress the drugs because they were found during a search of his person after an illegal detention resulted in his arrest. The State contends that the detention was legal because the officer had made a valid traffic stop and because he had a reasonable suspicion that Morrow had violated the seat belt statute. Alternatively, the State argues that the officer's interaction with Morrow was a consensual encounter.
An officer may detain a citizen temporarily if the officer has a reasonable suspicion that the person has committed, is committing, or is about to commit a crime. Popple v. State, 626 So.2d 185, 186 (Fla. 1993). Whether an officer's suspicion is reasonable is determined by the totality of the circumstances which existed at the time of the stop and is based solely on facts known to the officer before the stop. See McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986). Section 316.614(5), Florida Statutes (1999), provides that "[i]t is unlawful for any person 16 years of age or older to be a passenger in the front seat of a motor vehicle unless such person is restrained by a safety belt when the vehicle is in motion." (Emphasis added). At trial, Morrow testified that he was wearing the seat belt while the car was moving, but that he had unfastened it after the car had come to a stop. The officer testified that he did not know whether Morrow was wearing a seatbelt when the car was moving. He testified it was dark and he could not see in the car while it was moving. Given these circumstances, the officer did not have a reasonable suspicion of criminal activity that would have justified an investigatory detention.
A reasonable suspicion of criminal activity is not necessary if the contact is merely a consensual encounter. Popple, 626 So.2d at 186. In a consensual encounter, a police officer has the right to approach an individual in public and ask questions or request identification without a founded suspicion of criminal activity. Id. at 187. The individual may, but is not required, to cooperate with the police at this stage. Id. at 186; Cliett v. State, 722 So.2d 916 (Fla. 2d DCA 1998). When Morrow refused to give the officer his name, it should have been the end of the encounter.
However, instead of ending the encounter with Morrow, the officer positioned himself outside Morrow's door and called for back-up. Morrow argues that this transformed what started as a consensual encounter into a seizure, and we agree. "[A] significant identifying characteristic of a consensual encounter is that the officer cannot hinder or restrict the *1293 person's freedom to leave or freedom to refuse to answer inquiries...." Popple, 626 So.2d at 187. The officer's positioning himself in a manner that blocked Morrow's exit from the car combined with his call for back-up, which was occasioned by Morrow's refusal to answer, would cause any reasonable person to believe that he or she was not free to leave. Cf. Young v. State, 803 So.2d 880 (Fla. 5th DCA 2002) (holding that positioning a patrol car to obstruct the path of a vehicle once it is stopped elevates the encounter into an investigatory stop).
Thus, what began as a consensual encounter evolved into an investigatory stop. Because the officer did not have the reasonable suspicion necessary to authorize an investigatory detention, the detention and subsequent arrest were illegal. Therefore, the drugs found as a result of the search incident to that arrest should have been suppressed. Accordingly, we reverse Morrow's convictions and sentences.
Reversed.
ALTENBERND, C.J., and SALCINES, J., Concur.