901 So.2d 963 (2005)
Richard Lee COOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-523.
District Court of Appeal of Florida, Second District.
May 11, 2005.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Richard Lee Cooks appeals his conviction for possession of a firearm by a convicted felon, challenging the denial of his motion to suppress evidence. We reverse because Cooks was the subject of an illegal arrest, and therefore, the trial court should have suppressed the firearm that Cooks abandoned during the illegal arrest.
Officer Cela of the Fort Myers Police Department was on routine patrol at 12:15 a.m. on June 11, 2002, when he saw a white Mitsubishi turn left directly in front of him without signaling. The officer decided to stop the vehicle for failure to use a signal. The officer determined that the woman driver had a suspended driver's license. Cooks was sitting in the front passenger seat, and Officer Cela noticed that he was not wearing a seat belt. Officer Cela directed Officer Lesane, who arrived as a back-up officer, to question Cooks for the purpose of obtaining identification and to give Cooks a citation for a seat belt violation. Officer Lesane ran a records check with the name that Cooks *964 gave her through the Fort Myers Police Department dispatch. No records were shown. Officer Lesane attempted to clarify the information, but again no record was found. Both officers believed that Cooks was providing a false name. Officer Cela then took Cooks out of the vehicle and put his hands on top of the vehicle with the intention of arresting Cooks for giving a false name. Officer Cela was attempting to perform a search when Cooks broke free and fled. Both officers chased him. Cooks threw a gun during the chase, and Officer Lesane stopped to retrieve it. Cooks was apprehended after running about fifty feet when he stumbled and tripped on his own baggy jeans.
Cooks first argues that Officer Cela did not have probable cause to stop the car in which Cooks was riding as a passenger, relying on Frierson v. State, 851 So.2d 293 (Fla. 4th DCA 2003). Frierson holds that the failure of a driver to use a turn signal will not provide justification for a traffic stop if no other driver is affected by the failure to signal. 851 So.2d at 295-96. We conclude that Frierson does not apply and the officer had probable cause to make the stop because Officer Cela testified that he was affected by the turn. He testified that he would have had an accident had he not slowed down when the car turned in front of him.
Cooks next argues that the officers lacked probable cause to cite him for failure to wear a seat belt or to arrest him for giving a false name. Morrow v. State, 848 So.2d 1290 (Fla. 2d DCA 2003), supports Cooks' contention that the officers lacked a reasonable suspicion necessary to detain or cite him for the seat belt violation. In Morrow, this court held that an officer lacked a reasonable suspicion of criminal activity to justify an investigatory detention of a front seat passenger where the officer testified that he did not know whether the passenger had been wearing a seat belt while the car was moving. 848 So.2d at 1292. In this case, similarly, when Officer Cela approached the vehicle, he noticed that Cooks was not wearing a seat belt. The officer testified that he did not see Cooks with the seat belt off while the car was moving. Therefore, as in Morrow, because the officer did not have the reasonable suspicion needed to conduct an investigatory detention for the seat belt violation, the contact between Cooks and the officers was necessarily a consensual encounter. As a result, the subsequent arrest that occurred for giving a false name was illegal.
In Belsky v. State, 831 So.2d 803 (Fla. 4th DCA 2002), the court stated that "to constitute a violation of section 901.36, Florida Statutes, the giving of a false name to a law enforcement officer must occur during an arrest or lawful detention." 831 So.2d at 805. Where, as here, the officers lacked reasonable suspicion to detain Cooks and did not otherwise have probable cause to arrest him, there was no probable cause to arrest for the giving of the false name. See id. By putting Cooks' hands on top of the vehicle and attempting to search him, the officer effected an illegal arrest. We agree with Cooks, therefore, that when he threw the gun, his action was a result of the illegal arrest, and therefore, the motion to suppress should have been granted.
The State, citing California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), argues that even if the stop and detention were illegal, the motion was properly denied because Cooks abandoned the gun. We reject this argument because in Hodari D., the defendant had not been "seized" at the time he tossed away the contraband. See 499 U.S. at 629, 111 S.Ct. 1547. Here, Cooks was seized when he was physically taken out of the car and his hands were put on top of the *965 vehicle. The rationale of Hodari D. is inapplicable to these facts and will not justify the denial of Cooks' motion to suppress.
Accordingly, we reverse the judgment and sentence and remand for the trial court to grant the motion to suppress.
Reversed.
SALCINES and STRINGER, JJ., concur.