919 So.2d 702 (2006)
STATE of Florida, Appellant,
v.
Reina Ocabel GONZALEZ, Appellee.
No. 5D05-348.
District Court of Appeal of Florida, Fifth District.
February 3, 2006.
*703 Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellee.
PALMER, J.
The State appeals the trial court's order granting Reina Ocabel Gonzalez's motion to suppress. Concluding that the trial court incorrectly applied the law to the facts of this case, we reverse.
Gonzalez was charged by information with knowingly possessing a blank, forged, stolen, fictitious, counterfeit or unlawfully issued identification card.[1] Gonzalez filed a pretrial motion to suppress the allegedly altered identification card, arguing that it was seized as the result of an unlawful stop, search, and seizure. A hearing was held on Gonzalez's motion to suppress.
At the suppression hearing, Deputy Middleton testified that Gonzalez was a passenger in a vehicle that did not have working tail lights. Middleton explained that he conducted a traffic stop of the vehicle and that during the stop he requested that Gonzalez produce identification. Deputy Middleton alleged that Gonzalez consented to his request and produced an altered identification card.
At the conclusion of the hearing, the trial court entered an order granting Gonzalez's motion to suppress. The trial court ruled that, by asking Gonzalez to produce identification, Deputy Middleton's conduct constituted an investigatory stop. The trial court further explained that, since Deputy Middleton lacked a reasonable suspicion of any criminal activity on the part of Gonzalez, the stop was unlawful.
The State challenges the trial court's ruling, arguing that Deputy Middleton's encounter with Gonzalez was consensual, and therefore, he did not need to *704 possess a reasonable suspicion of criminal activity prior to requesting that Gonzalez produce identification. We agree.
A ruling on a motion to suppress comes to the appellate court as presumptively correct as to disputed facts and all reasonable inferences and deductions drawn from them; however, the trial court's application of the law to the facts is reviewed under the de novo standard. Murphy v. State, 898 So.2d 1031 (Fla. 5th DCA 2005).
In a consensual encounter, a police officer has the right to approach an individual in public and ask questions or request identification without having a founded suspicion of criminal activity; the individual may, but is not required, to cooperate with the police at this stage. Morrow v. State, 848 So.2d 1290 (Fla. 2d DCA 2003). A police officer's request to a defendant for his identification does not constitute detention or seizure. Holden v. State, 877 So.2d 800 (Fla. 5th DCA 2004); Clemons v. State, 747 So.2d 454 (Fla. 4th DCA 1999).
In the instant case, no evidence was presented that Gonzalez was ordered out of the car or ordered to stay in the car. Instead, Deputy Middleton testified that he approached the vehicle and asked Gonzalez for her identification. He testified that he did not order her to give it to him. Gonzalez did not present any evidence that Deputy Middleton blocked her from exiting the car or took any action in an effort to force her to present her identification. Thus, the contact between Gonzalez and Deputy Middleton was a consensual encounter, not an investigatory stop. Compare Morrow v. State, 848 So.2d 1290 (Fla. 2d DCA 2003)(holding that officer's encounter with defendant, which began as consensual encounter, evolved into investigatory stop requiring reasonable suspicion of criminal activity, when defendant refused to give the officer his name and instead of ending encounter, the officer positioned himself outside defendant's car door and, called for back-up; officer's conduct would have caused any reasonable person to believe that he or she was not free to leave).
In closing, we note that Gonzalez also argues that the altered identification card should have been suppressed because she acquiesced to Deputy Middleton's authority when she gave him her identification. However, the trial court did not make any findings on this issue and Gonzalez failed to present any testimony or evidence at the suppression hearing to support her argument that she was intimidated by Deputy Middleton or that he had engaged in any behavior that would constitute an unreasonable show of authority. Instead, the testimony presented at the hearing on the motion to suppress indicated that Middleton simply asked Gonzalez for her identification and she gave it to him.
REVERSED and REMANDED.
THOMPSON and LAWSON, JJ., concur.
NOTES
[1] See § 322.212, Fla. Stat. (2003).