940 So.2d 1174 (2006)
Robert WHYTE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3244.
District Court of Appeal of Florida, Second District.
September 29, 2006.
Rehearing Denied November 7, 2006.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
GALLEN, THOMAS M., Associate Senior Judge.
Robert Whyte appeals from his judgment and sentence for burglary of a conveyance and petit theft. Mr. Whyte pleaded no contest after reserving the right to appeal the denial of his dispositive motion to suppress the evidence seized during the search subsequent to his arrest. We conclude that the evidence was seized as a result of an unlawful arrest, and therefore the trial court erred in denying Mr. Whyte's motion to suppress. Accordingly, we reverse.
At about 10:15 p.m. on November 28, 2003, Police Officer Richard Perez noticed Robert Whyte leaning against a car in downtown Haines City. Mr. Whyte was wearing shorts and the night was very cold. Officer Perez approached Mr. Whyte and asked him if he was all right. Mr. Whyte said he was not, that he had been drinking and had just thrown up near the vehicle. Mr. Whyte then began to walk away, removing his shirt as he did so. Officer Perez, concerned about Mr. Whyte's well-being, asked Mr. Whyte his name, to which Mr. Whyte responded "Marley Marley." Officer Perez knew Mr. Whyte's true identity,[1] and knowing that his name was not Marley Marley, informed him that he was under arrest for providing a false name to a law enforcement officer. A search subsequent to arrest revealed a *1175 small coin purse that was later determined to belong to the owner of the vehicle.
Mr. Whyte was charged with burglary of a conveyance, petit theft, and giving false identification. Mr. Whyte filed a motion to suppress the evidence on the theory that the evidence was obtained as a result of an unlawful stop, arrest, and search. The trial court denied the motion, but recognized that the motion was dispositive of the case. Mr. Whyte pleaded no contest to the burglary and theft charges, reserving the right to appeal the denial of his dispositive motion to suppress. The State dropped the count of giving false identification.
Section 901.36(1), Florida Statutes (2003), provides: "It is unlawful for a person who has been arrested or lawfully detained by a law enforcement officer to give a false name, or otherwise falsely identify himself or herself in any way, to the law enforcement officer or any county jail personnel." Persons who violate the statute commit a first-degree misdemeanor. The plain language of section 901.36(1) requires that, in order to be in violation of the statute, the giving of a false name or identification must occur following arrest or lawful detention. Thus, if a suspect is legally detained or arrested on some other ground, and subsequently provides false identification, he or she may also be charged with a violation of section 901.36(1).
The State contends that there was a lawful arrest or detention prior to Mr. Whyte's arrest for giving a false name. The State's version of events has Officer Perez noticing that the car door was open prior to asking Mr. Whyte his name, and then placing Mr. Whyte under arrest after Mr. Whyte gave a false reply. The State argues that these facts support a conclusion that the detention was lawful. The trial court's order denying Mr. Whyte's motion to suppress reflects the State's perception of the event.
In Popple v. State, 626 So.2d 185 (Fla. 1993), our supreme court summarized the three possible levels of a police-citizen encounter.
The first level is considered a consensual encounter and involves only minimal police contact. During a consensual encounter a citizen may either voluntarily comply with a police officer's requests or choose to ignore them. Because the citizen is free to leave during a consensual encounter, constitutional safeguards are not invoked. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).
The second level of police-citizen encounters involves an investigatory stop as enunciated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). At this level, a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151 Fla.Stat. (1991). In order not to violate a citizen's Fourth Amendment rights, an investigatory stop requires a well-founded, articulable suspicion of criminal activity. Mere suspicion is not enough to support a stop. Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984).
. . . [T]he third level of police-citizen encounters involves an arrest which must be supported by probable cause that a crime has been or is being committed. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); § 901.15 Fla.Stat. (1991).
Id. at 186.
In this case, Officer Perez's arrest report and his own testimony at the suppression hearing clearly reflect that he arrested Mr. Whyte solely because Mr. Whyte *1176 had given him a false name, and that both the arrest and search occurred before he discovered the open car door. Had Officer Perez noticed the suspicious condition of the car first, perhaps a Terry stop would have been justified. But this was not his testimony; therefore, this case does not involve a Terry stop or the reasonable suspicion standard. Here, an initial consensual encounter was transformed immediately into a "level three" encounter at the moment Officer Perez decided to arrest Mr. Whyte for giving false identification. At that moment, Officer Perez had no probable cause to believe that any crime had been or was being committed.
The trial court's conclusion that "upon his detention the examination of the contents of his pockets was a search incident to arrest" is absolutely correct, if Mr. Whyte was under lawful arrest at the time he was searched. Absent a reasonable suspicion or probable cause to detain or arrest Mr. Whyte on some other lawful ground, Mr. Whyte's failure to give his true name could not, alone, provide probable cause for the arrest under section 901.36(1). As a result, the arrest was not lawful, and the evidence procured during the subsequent search should have been suppressed. See Cooks v. State, 901 So.2d 963, 964 (Fla. 2d DCA 2005); Belsky v. State, 831 So.2d 803, 805-06 (Fla. 4th DCA 2002).
On review of a trial court's order on a motion to suppress, the trial court's factual findings must be affirmed if supported by competent, substantial evidence. Caso v. State, 524 So.2d 422, 424 (Fla.1988). In this case the record compels us to conclude that the trial court's findings directly contradicted the testimony of the arresting officer, and were therefore not supported by competent, substantial evidence.
Because the motion to suppress should have been granted, we reverse the judgment and sentence and remand with directions to discharge Mr. Whyte.
Reversed and remanded.
NORTHCUTT and KELLY, JJ., Concur.
NOTES
[1] This begs the question of why Officer Perez asked Mr. Whyte his name in the first place.