WHATLEY, Judge.
The State appeals the order granting Galicia’s motion to suppress his identification card in its prosecution of him for possession of a fraudulent identification card. We reverse.
Galicia was the passenger in a van lawfully stopped by Deputy Cronin for not having its headlights on. Deputy Cronin was dressed in his uniform and was wearing a gun. He approached the driver’s door and asked the driver for his license and registration. Upon noticing that Gali-cia was not wearing his seatbelt,[1] Deputy Cronin asked Galicia for his identification, which Galicia produced without hesitation. The deputy made this request of Galicia while still standing at the driver’s door of the vehicle. Galicia produced a resident alien identification card that Deputy Cronin immediately recognized was fraudulent. He arrested Galicia.
Galicia moved to suppress the identification card alleging it was obtained as the result of an unlawful detention. Galicia’s claim that he was unlawfully seized was based on his testimony at the suppression hearing that he felt he had no choice but to give the deputy his identification card because he believed that whenever a law enforcement officer requests something, one has to comply. The trial court, citing Morrow v. State, 848 So.2d 1290 (Fla. 2d DCA 2003), granted the motion stating that Galicia could reasonably understand that he was not free to leave when asked for his identification by a deputy in uniform who had no legal justification for the request. The State challenges the trial court’s ruling arguing that Deputy Cronin’s encounter with Galicia was consensual and therefore he did not need any justification to ask Galicia for identification.
The trial court’s ruling was erroneous because the encounter between Deputy Cronin and Galicia was consensual. A reasonable suspicion of criminal activity is not necessary if the contact between a law enforcement officer and a citizen is merely a consensual encounter rather than a seizure. Popple v. State, 626 So.2d 185, 186 (Fla.1993). The test for determining if someone has been seized is whether “in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.” United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). See also Popple, 626 So.2d at 188.
Deputy Cronin’s encounter with Galicia bore none of the indicia of a seizure. Unlike the officer in Morrow, Deputy Cronin remained on the driver’s side of the vehicle while requesting Galicia’s identification, and he made no attempt to restrict Gali-cia’s ability to leave. See Morrow, 848 So.2d 1290 (holding that officer’s encounter with defendant, a front-seat passenger in a car stopped for speeding, evolved into investigatory stop without reasonable suspicion of criminal activity when defendant refused to give officer his name and officer walked around to passenger’s door, positioned himself there, and called for backup when he did not know whether defendant had been wearing his seat belt while the car was in motion; any reasonable person would believe they were not free to leave when officer positioned himself outside their car door and called for back-up). While Galicia may have believed he had to comply with Deputy Cronin’s request, there are no objective facts that support the trial court’s conclusion that his belief was reasonable. Deputy Cronin merely asked Galicia for his identification, and *985 Galicia complied with the request. See State v. Gonzalez, 919 So.2d 702, 704 (Fla. 5th DCA 2006) (holding that request of passenger in vehicle lawfully stopped for traffic infraction for her identification was consensual encounter where there was no evidence that defendant was intimidated or forced to comply with request).
Accordingly, we reverse the order granting Galicia’s motion to suppress and remand for further proceedings.
Reversed and remanded.
CASANUEVA and KELLY, JJ., Concur.

. Deputy Cronin testified on cross-examination that he could not see whether Galicia was wearing his seatbelt while the van was in motion.