LAWSON, J.
K.Q.W. appeals from an adjudication of delinquency and juvenile commitment order entered after the trial court found her guilty of violating section 901.36(1), Florida Statutes (2005). The statute makes it “unlawful for a person who has been arrested or lawfully detained by a law enforcement officer to give a false name, or otherwise falsely identify himself or herself in any way, to the law enforcement officer....” Because the evidence was uncontroverted that K.Q.W. had been neither arrested nor detained when she gave a false name to the officer, the trial court should have granted KQ.W.’s motion for judgment of dismissal. See Whyte v. State, 940 So.2d 1174, 1175 (Fla. 2d DCA 2006) (“The plain language of section 901.36(1) requires that, in order to be in violation of the statute, the giving of a false name or identification must occur following arrest or lawful detention.”); A.F. v. State, 912 So.2d 374, 376 (Fla. 2d DCA 2005) (“Therefore, because the State failed to establish that A.F. gave a false name to a law enforcement officer while he was being lawfully detained, we reverse.”); Bordelon v. State, 908 So.2d 543, 544 (Fla. 1st DCA 2005) (“The statute does not make it a crime to give a false name during a ‘consensual field interview’ when there has been neither arrest nor lawful detention.”).
Accordingly, we reverse both the adjudication of delinquency and the commitment order.
TORPY and EVANDER, JJ., concur.