LEWIS, J., specially
 

 concurring.
 

 I fully agree with my colleagues that we lack jurisdiction to review
 
 Tedder v. State,
 
 33 Fla. L. Weekly D704, — So.3d-, 2008 WL 612313 (Fla. 2d DCA Mar.7, 2008), with regard to the license-retention issue. Our prior precedent in
 
 Burns v. State,
 
 676 So.2d 1366, 1366 (Fla.1996),
 
 Kennedy v. Kennedy,
 
 641 So.2d 408, 409 (Fla.1994), and
 
 Seaboard Air Line Railroad v. Branham,
 
 104 So.2d 356, 358 (Fla. 1958) (addressing analogous provision of the 1885 Florida Constitution as amended in 1956), mandates this conclusion. In those decisions, we explained that our discretionary conflict jurisdiction under article V, sections 3(b)(3) and 3(b)(4) of the Florida Constitution
 
 [1]
 
 requires that the “decision” under review provide a
 
 judgment and decision
 
 endorsed by
 
 a majority
 
 of the district court of appeal. I write separately to more fully explain why the decision below does not meet this standard and, further, does not constitute Florida precedent.
 

 In
 
 Tedder,
 
 the Second District did
 
 not
 
 provide a majority analysis with regard to the license-retention issue.
 
 See
 
 33 Fla. L. Weekly at D705-06, — So.3d at -. Consequently, the relevant reasoning— which was endorsed by a single judge— may not supply conflict jurisdiction and, furthermore, is not Florida precedent.
 
 See, e.g., Kennedy,
 
 641 So.2d at 409 (explaining that “this Court must look to [the] ‘opinion’ upon which the district court’s ‘decision’ is based to determine [the] probable existence of direct conflict,” and hold
 
 *198
 
 ing that “because the [supplied analysis] exists only in [an] isolated plurality opinion,
 
 the [asserted] doctrine should not be considered the law of this state
 
 ” (emphasis supplied)). The license-retention analysis provided below did not garner a majority or plurality vote;
 
 [2]
 
 therefore, Florida appellate courts must presume that the trial court order was affirmed on the basis of the trial court’s reasoning, which is
 
 not
 
 appellate precedent in the Second District or any other district court of appeal.
 
 See, e.g., Dale v. Jennings,
 
 90 Fla. 234, 107 So. 175, 181 (1926) (holding that a judgment issued by an equally divided court resolves the case on the grounds supplied by the lower court and does not establish precedent);
 
 State v. McClung,
 
 47 Fla. 224, 37 So. 51, 52 (1904) (same).
 

 Here, the pertinent portion of the district court’s “decision” (i.e., what two panel judges agreed upon)
 
 [3]
 
 affirmed the denial of Tedder’s motion to suppress statements
 
 without providing any shared analysis.
 
 In contrast, the First and Fourth District Courts of Appeal have provided persuasive majority decisions addressing substantially similar factual scenarios.
 
 See Brye v. State,
 
 927 So.2d 78 (Fla. 1st DCA 2006);
 
 Bama v. State,
 
 636 So.2d 571 (Fla. 4th DCA 1994). Since we have not definitively addressed this type of totality-of-eircum-stances license-retention situation when coupled with a search
 
 or
 
 interrogation,
 
 [4]
 
 the district-court decisions in
 
 Brye
 
 and
 
 Bama
 
 remain binding precedent throughout this state.
 
 See, e.g., Pardo v. State,
 
 596 So.2d 665, 666 (Fla.1992) (holding that in the absence of inter-district conflict or contrary precedent from this Court, the decision of a district court of appeal is binding precedent throughout Florida).
 

 For these reasons, I specially concur in the order denying review of
 
 Tedder v. State,
 
 33 Fla. L. Weekly D704, — So.3d -, 2008 WL 612313 (Fla. 2d DCA Mar.7, 2008).
 

 [1]
 

 . In relevant part, section 3(b)(3) provides:
 

 The supreme court [of Florida] ... [mjay review any
 
 decision of a district court of appeal
 
 that ... expressly and directly conflicts with
 
 a decision
 
 of another district court of appeal or of the supreme court [of Florida] on the same question of law.
 

 (Emphasis supplied.)
 
 Inter alia,
 
 section 3(b)(4) provides a mechanism for the district courts of appeal to certify direct conflict with the decision of another district court:
 

 The supreme court [of Florida] ... [m]ay review
 
 any decision of a district court of appeal
 
 that passes upon a question certified by it ... to be in direct conflict with
 
 a decision
 
 of another district court of appeal.
 

 (Emphasis supplied.)
 

 [2]
 

 .
 
 See Black’s Law Dictionary
 
 1125, 1193 (8th ed.2004)
 
 ("plurality opinion.
 
 An opinion lacking enough judges’ votes to constitute a majority, but receiving more votes than any other opinion."
 
 “plurality.
 
 The greatest number (esp. of votes), regardless of whether it is a simple or an absolute majority.”). Only one out of three district court judges supported the legal analysis regarding the license-retention issue.
 
 See Tedder,
 
 33 Fla. L. Weekly at D706,-So.3d at-(Whatley, J., concurring in part and in result);
 
 id.
 
 at D706-07, at -(Stringer, J., concurring in part and dissenting in part).
 

 [3]
 

 .
 
 See
 
 art. V, § 4(a), Fla. Const. ("Each district court of appeal shall consist of at least three judges. Three judges shall consider each case and the concurrence of two shall be necessary to a decision.”).
 

 [4]
 

 .See Golphin v. State,
 
 945 So.2d 1174, 1185 (Fla.2006) ("[T]he
 
 retention
 
 of identification
 
 during
 
 the course of
 
 further interrogation or search
 
 certainly factors into whether a seizure has occurred." (emphasis supplied));
 
 cf. United States v. Johnson,
 
 326 F.3d 1018, 1022 (8th Cir.2003) ("A reasonable person would not believe that he was free to leave a scene where three uniformed officers drew him away from their party, stood closely at either side of him, and took possession of his personal property — here, his driver’s license— while conducting a brief interrogation.”).