WETHERELL, J.
 

 Appellant seeks review of the trial court’s order summarily denying his rule 3.850 motion alleging one claim of ineffective assistance of trial counsel. We reverse and remand for an evidentiary hearing.
 

 Appellant was a front-seat passenger in a vehicle that was stopped for running a red light. Upon making contact with the vehicle, the officer saw Appellant without his seat belt on and asked for his name. When Appellant gave a false name, the officer arrested him for violating section 901.36(1), Florida Statutes (2004). A subsequent search of the vehicle incident to Appellant’s arrest revealed cocaine in the center console and a firearm under Appellant’s seat. The arrest report attached to the trial court’s order shows that Appellant was arrested for these offenses, and for a number of outstanding warrants. However, the narrative in the arrest report does not discuss the warrants or indicate when the warrants were discovered in relation to Appellant’s arrest for giving the officer a false name or the search of the vehicle.
 

 In his motion for postconviction relief, Appellant claimed that his trial counsel was ineffective for failing to file a motion to suppress the cocaine and the firearm because those items were seized incident to an unlawful detention and arrest. The trial court summarily denied the motion, finding that the record refuted his claim because even if the initial detention was illegal, the officer’s discovery of Appellant’s outstanding warrants was an intervening circumstance that purged the taint of the illegality, and, therefore, Appellant could not show that his trial counsel was ineffective for failing to file a meritless motion to suppress.
 

 The limited record before us does not refute Appellant’s claim that his initial detention and arrest for violating section 901.36(1) was illegal because there is no indication that the officer observed him not wearing his seat belt while the vehicle was moving. In
 
 Cooks v. State,
 
 901 So.2d 963, 964 (Fla. 2d DCA 2005), the court held that if the officer does not know whether the passenger was wearing a seat belt while the vehicle was moving, the officer lacks reasonable suspicion necessary to detain the passenger, and without such, the contact becomes a consensual encounter and the giving of a false name is not a crime. Similarly, we held in
 
 Jackson v.
 
 
 *646
 

 State,
 
 1 So.3d 273 (Fla. 1st DCA 2009), that giving a false name to a law enforcement officer is not a crime under section 901.36(1) unless it occurs during a lawful detention or arrest.
 

 We agree with the trial court that the illegality of the initial detention is not sufficient for a successful motion to suppress because the taint of evidence seized incident to an illegal detention may be purged based upon intervening circumstances such as the discovery of an outstanding warrant after the illegal detention but before the search.
 
 See State v. Frierson,
 
 926 So.2d 1139, 1144-45 (Fla.2006). However, the limited record before us does not show that the discovery of Appellant’s outstanding warrants was an “intervening circumstance” because there is no indication
 
 when
 
 the warrants were discovered in relation to Appellant’s illegal detention and the resulting search of the vehicle in which he was riding. Moreover, it appears that the trial court did not consider the other factors that are to be weighed and balanced in determining whether the taint of an illegal detention has been purged,
 
 i.e.,
 
 the time elapsed between the illegality and the acquisition of the evidence and the purpose and flagrancy of the official misconduct.
 
 Id.
 
 at 1143.
 

 On appeal, in response to our order to show cause, the state contends that Appellant cannot show that his trial counsel was ineffective because there is no indication in the record that Appellant informed counsel that he was wearing his seat belt while the vehicle was moving and that he removed the seat belt after the vehicle stopped but before the officer approached the vehicle. However, this would be a matter for an evidentiary hearing because the limited record before us does not refute Appellant’s claim that his initial detention was illegal.
 

 In sum, because the record does not refute Appellant’s claim that the evidence seized incident to his illegal detention should have been suppressed, the record likewise does not refute Appellant’s claim that his trial counsel was ineffective for not filing a motion to suppress. Accordingly, we reverse the order on appeal and remand for an evidentiary hearing on Appellant’s motion for postconviction relief.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(D).
 

 REVERSED and REMANDED for further proceedings.
 

 KAHN and LEWIS, JJ., concur.