NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ANGELA STACEY DENO, )
DOC #Y07534, )
         )
    Appellant, )
         )
v.          )     Case No. 2D16-567
         )
STATE OF FLORIDA, )
         )
    Appellee. )
_____ )

Opinion filed November 17, 2017.

Appeal from the Circuit Court for Lee
County; J. Frank Porter, Judge.

Howard L. Dimmig, II, Public Defender,
and Timothy J. Ferreri, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs
Cline, Assistant Attorney General,
Tampa, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

    Angela Stacey Deno entered a negotiated no-contest plea to introducing

contraband into a county detention facility. She timely appeals her judgment and

sentence and argues that the trial court erred in denying her dispositive motion to

suppress evidence. We disagree and affirm.

## Factual and Procedural History

Lee County Sheriff's Sergeant George Mingione conducted a lawful traffic stop of a vehicle that had a defective taillight and lacked a rear bumper. James Russell was driving the vehicle, and Deno was in the front passenger seat. At the time, Deno had an outstanding arrest warrant for a probation violation. Sergeant Mingione explained the reason for the stop and asked Russell and Deno for identification, which he typically did as a matter of course both for his own edification and so that he could check for outstanding warrants. Russell provided the requested information, but Deno told Sergeant Mingione that her name was Mindy Deno. When Sergeant Mingione ran that name through the system, the photograph that it brought up was plainly of someone else.

Sergeant Mingione returned to the vehicle, asked Deno to step out, and asked her about the photograph. Deno claimed that she had lost 140 pounds, but Sergeant Mingione still did not believe that she was the woman in the picture because they had different facial features. Consequently, Sergeant Mingione asked Deno to provide a fingerprint for his portable scanner. After she had obliged and he had run the results through a fingerprint database, Sergeant Mingione ascertained her true identity and discovered her outstanding warrant for the probation violation. When Sergeant Mingione confronted Deno with this information, she explained that she had provided a false name because she knew about the outstanding warrant and did not want to go to jail.

Deno was then arrested not only on the outstanding warrant but also for providing a false name to a law enforcement officer, see § 901.36(1), Fla. Stat. (2014),

and she was taken to the Lee County Jail. While Deno was changing into her jail uniform, a deputy saw a small baggie containing what appeared to be crack cocaine fall from her pants. Consequently, Deno was also charged in a separate case with introducing contraband into a county detention facility. See § 951.22, Fla. Stat. (2014).

Deno moved to suppress all of the evidence against her based on what she contended was an illegal arrest for providing false information to a law enforcement officer. Specifically, Deno argued, as she argues on appeal, that she had been neither under arrest nor lawfully detained when she had provided the false name, and, therefore, Sergeant Mingione, as a matter of law, could not have had reasonable suspicion that she had violated section 901.36(1). After an evidentiary hearing, the trial court denied her motion.

## Analysis

In reviewing the trial court's ruling on a motion to suppress evidence, we will not disturb the trial court's findings of fact as long as competent, substantial evidence supports those findings, but we review its application of law to those facts de novo. State v. Godard, 202 So. 3d 144, 145-46 (Fla. 2d DCA 2016).

Section 901.36(1) provides, "It is unlawful for a person who has been arrested or lawfully detained by a law enforcement officer to give a false name, or otherwise falsely identify himself or herself in any way, to the law enforcement officer or any county jail personnel." (Emphasis added.) Although both Deno and the State assert that Sergeant Mingione's request for Deno's identification occurred during a consensual encounter (with their arguments, of course, diverging from there), Deno, as the passenger in a vehicle subject to a valid traffic stop, was lawfully detained at that

point.  See Brendlin v. California, 551 U.S. 249, 255 (2007) (holding that lawful traffic stop subjects not only driver but also passenger to seizure under Fourth Amendment); see also Arizona v. Johnson, 555 U.S. 323, 333 (2009) ("A lawful roadside stop begins when a vehicle is pulled over for investigation of a traffic violation.  The temporary seizure of driver and passengers ordinarily continues, and remains reasonable, for the duration of the stop.  Normally, the stop ends when the police have no further need to control the scene, and inform the driver and passengers they are free to leave."); Presley v. State, 42 Fla. L. Weekly S817, S819-21 (Fla. Sept. 20, 2017) (discussing Brendlin and Johnson, holding that officers may prevent passengers from leaving traffic stop without running afoul of Fourth Amendment as long as detention is only for duration reasonably necessary to complete purpose of traffic stop, and disapproving prior case law to contrary).[1]  Moreover, had Deno responded truthfully to Sergeant Mingione's request at the outset, the request would not have extended the duration of the stop and, therefore, did not lead to an unlawful detention.  See Johnson, 555 U.S. at 333 ("An officer's inquiries into matters unrelated to the justification for the traffic stop, this Court has made plain, do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.").

---

[1]Opinions construing as a consensual encounter a law enforcement officer's request for identification from a passenger during a lawful traffic stop predate Brendlin and Johnson.  See, e.g., State v. Galicia, 948 So. 2d 983, 984-85 (Fla. 2d DCA 2007); Cooks v. State, 901 So. 2d 963, 964 (Fla. 2d DCA 2005); Morrow v. State, 848 So. 2d 1290, 1292-93 (Fla. 2d DCA 2003); State v. Gonzalez, 919 So. 2d 702, 703-04 (Fla. 5th DCA 2006).  The only exception is Teart v. State, 26 So. 3d 644, 645-46 (Fla. 1st DCA 2010), but Teart, an appeal from the summary denial of a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, simply relied on Cooks.

Because Deno was lawfully arrested for providing a false name to a law enforcement officer, the trial court did not err in denying her motion to suppress evidence.

Affirmed.

SILBERMAN and KELLY, JJ., Concur.