ROTHENBERG, J.
The State of Florida appeals the trial court’s order granting the defendant’s motion to suppress physical evidence. In seeking reversal, the State contends the defendant, Tarresse Leonard, discarded a bag, which was later determined to contain cocaine, during an ensuing foot chase that occurred prior to his detention by law enforcement. In response, the defendant asserts he was detained before he discarded the bag of cocaine, and that the police officer’s detention for investigatory purposes was impermissible as the police officers lacked the necessary well-founded suspicion that he was involved in criminal activity. As the record clearly reflects that the defendant discarded the physical evidence prior to his “seizure” by the police, we reverse the trial court’s order *1000 granting the defendant’s motion to suppress and remand for further proceedings.
A police officer is permitted to stop and/or briefly detain a person for investigatory purposes if the “officer has a well-founded suspicion (supported by articula-ble facts) of criminal activity, even if the officer lacks probable cause.” Huffman v. State, 937 So.2d 202, 206 (Fla. 1st DCA 2006); see also State v. Outler, 20 So.3d 421, 423 (Fla. 3d DCA 2009) (“In order not to violate a citizen’s Fourth Amendment rights, an investigatory stop requires a well-founded, articulable suspicion of criminal activity.”); Parker v. State, 18 So.3d 555, 557-58 (Fla. 1st DCA 2008).
In determining whether a police officer conducting an investigatory stop has a well-founded suspicion of criminal activity, courts must consider the totality of the circumstances. Outler, 20 So.3d at 423; Parker, 18 So.3d at 558; Huffman, 937 So.2d at 206. “Relevant factors include ‘the time of day; the appearance and behavior of the suspect, ... and anything incongruous or unusual in the situation as interpreted in light of the officer’s knowledge.’ ” Parker, 18 So.3d at 558 (quoting Huffman, 937 So.2d at 206). Further, although flight, standing alone, is insufficient to support a reasonable suspicion of criminal activity, flight is a factor that can contribute to an officer’s reasonable suspicion. Parker, 18 So.3d at 558. However, unprovoked flight in a high crime area may be sufficient to establish reasonable suspicion. Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
In this case, Detective Vargas received information from a dispatcher that anonymous calls were received reporting that “Odie,”[1] who was wearing dark clothing, was selling drugs at S.W. 69th Street and S.W. 59th Place. Detective Vargas knew that the defendant went by the name of “Odie” because Detective Vargas previously had arrested the defendant. Detective Vargas and Sergeant Aguiar responded to the location — a high-crime area in which narcotics are sold-and saw the defendant, who was wearing dark clothing as described by the anonymous caller(s). When Detective Vargas and Sergeant Aguiar attempted to speak to the defendant by calling him by name and asking him to “come here” or to stop walking, the defendant fled. Thereafter, the officers pursued him on foot. After running a short distance, the defendant entered a residence through an open door. Detective Vargas entered the residence after obtaining permission from a resident, and saw the defendant throw a bag. While Detective Vargas was attempting to detain the defendant, who at that time was resisting, Sergeant Aguiar arrived at the scene and aided Detective Vargas in detaining the defendant. Thereafter, Detective Vargas retrieved the bag he saw the defendant throw, which was later determined to contain cocaine.
Here, we need not determine whether the police officers had a well-founded suspicion of criminal activity when they initially approached the defendant and attempted to conduct an investigatory stop. Because the defendant did not acquiesce to the police officers’ show of authority and the officers had not physically restrained the defendant prior to the defendant’s abandonment of the cocaine, the defendant was not “seized” within the meaning of the Fourth Amendment prior to his abandonment of the cocaine. See California v. *1001 Hodari D., 499 U.S. 621, 629, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); see also Perez v. State, 620 So.2d 1256, 1258 (Fla. 1993) (citing Hodari D., 499 U.S. at 621, 111 S.Ct. 1547) (holding that the police officer’s “call for Perez to halt and the subsequent chase did not constitute a seizure until he was caught.... Because the recovery of the firearm was not the result of an illegal seizure, it should not have been suppressed”).
Under the circumstances of this case, it is clear that the defendant was not seized until the police officers physically subdued him, which was after he discarded the bag containing cocaine. At that point, based on the facts set forth in this opinion, including the defendant’s flight in a high crime area and the discarding of the bag of cocaine as Detective Vargas approached, the police officers possessed the necessary well-founded suspicion of criminal activity. Accordingly, we reverse the order suppressing the cocaine, and remand for further proceedings.
Reversed and remanded.

. The transcript states that the person was referred to as "Odie,” but the arrest affidavit refers to "Yodi.” The transcript also misspells Sergeant Aguiar’s name.