PER CURIAM.
The State of Florida appeals the trial court’s order granting Corey Lamar Flowers’ motion to suppress a firearm. Because the record in this case clearly establishes that Flowers was not “seized” within the meaning of the Fourth Amendment prior to him discarding the firearm, we reverse and remand for entry of an order denying the motion to suppress.[1] See California v. Hodari D., 499 U.S. 621, 626, 629, 111 S.Ct. 1547,113 L.Ed.2d 690 (1991) (finding that cocaine abandoned while Ho-dari was running from police was not the fruit of a seizure; and holding that for a seizure to have occurred, either the person must be physically subdued by the officer or the person must submit to the officer’s show of authority); Perez v. State, 620 So.2d 1256, 1258 (Fla.1993) (holding that the call for Perez to halt and the subsequent chase did not constitute a seizure until he was caught; and thus, recovery of the firearm abandoned in the meantime was not the result of an illegal seizure); State v. Leonard, 103 So.3d 998, 1000 (Fla. 3d DCA 2012) (holding that defendant was not seized within the meaning of the Fourth Amendment prior to abandoning the cocaine, where defendant did not acquiesce to the police officer’s show of authority and the officers had not physically restrained the defendant); State v. Green, 601 So.2d 617, 618 (Fla. 3d DCA 1992) (“[S]ince defendant was fleeing from the officer when he abandoned the gun, the gun is not considered a fruit of an unlawful seizure, and therefore, should not have been suppressed.”).
REVERSED and REMANDED.
COHEN, BERGER and WALLIS, JJ„ concur.

. We are bound to follow the United States Supreme Court’s interpretations of the Fourth Amendment, see Art. I, § 12, Fla. Const., and to afford no greater protection than those interpretations provide. Perez v. State, 620 So.2d 1256, 1258 (Fla.1993).